## Hopkins J. Hanford v. John M. Ewen.

1. PERPETUATION OF TESTIMONY—*Nature of the Right.*—The right, which the statute contemplates the perpetuation of testimony concerning, is a present right, either vested or contingent, and the proceeding can not be maintained to protect a mere possibility or expectancy.

2. SAME—*Application of the Doctrine.*—A party in anticipation of

suit against him for slander, filed a petition to perpetuate testimony in his behalf. In answer to the petition the prospective plaintiff released the petitioner from all claims against him for slanderous utterances, after which the court properly dismissed the petition.

**Proceeding to Perpetuate Testimony.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Affirmed, Opinion filed December 23, 1898.

CHARLES H. ALDRICH, attorney for appellant.

ARND & ARND, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a proceeding to perpetuate testimony. The appellant filed his petition in the Circuit Court setting forth that it became incumbent upon him, in connection with certain business matters, to advise certain parties that the appellee had been theretofore expelled from the Cotton Exchange in New York, upon a charge of dishonorable and unmercantile conduct, and that appellee had repeatedly threatened to sue him for slander because of such utterances; that he had unsuccessfully applied for a certified copy of the proceedings had before the said Exchange, in such matter, and that he feared that unless the record of, and evidence in, such proceedings be perpetuated, the same may be lost and he be deprived of a defense, in the event that such suit for slander be hereafter brought. The petition named the persons proposed to be examined as witnesses, and closed with a prayer that a *dedimus potestatem*, or commission, issue, etc.

Such petition was in pursuance of the statute (Sec. 39, Chap. 51, entitled Evidence and Depositions) concerning perpetuating testimony.

The appellee was named in the petition as being the only person other than the petitioner interested therein, and the cause was docketed, as the statute provides, as against the appellee as defendant, and *dedimi* thereupon issued. Subsequently appellee appeared and answered, and upon his motion a hearing was had upon the petition and answer

and the petition was dismissed at appellee's costs, and the *dedimi* quashed.

Along with his answer the appellee tendered a release, under his hand and seal, relinquishing unto appellant any and all claims of every character whatsoever which he might have against appellant "for any slanderous or supposed slanderous utterances made or uttered of and concerning" appellee, by appellant.

The statute, after enumerating certain facts, matters and things concerning which testimony may be perpetuated, to none of which appellant's petition applies, adds : "Or any other matter or thing, necessary to the security of any estate, real, personal or mixed, or any private right whatever."

The "private right" of appellant, asserted by his petition, is to be protected by perpetuated testimony, against a threatened slander suit by appellee, and nothing else. By his answer appellee denies that he has ever threatened or intended to bring a suit for slander against appellant; and denies that there is any foundation for the information, belief or fears in such regard that appellant possesses. Appellee, further answering, says it will entail expense upon him to attend the taking of such depositions, and, to save himself from such expense, he relinquishes and releases unto the appellant all claims, etc., which he may have against him for any slanderous or supposed slanderous utterances made by appellant of and concerning the appellee, and makes offer of the formal release above referred to.

We can discover no error committed by the Circuit Court in dismissing the petition.

No point appears by the record to have been made in the court below concerning the sufficiency or validity of the release in any particular, and such questions can not be first made with effect upon appeal.

Because the release was not made before the petition was filed, costs were adjudged against appellee, and all complaint by appellant in such respect was anticipated and avoided.

It is not contended that the release would not be a complete bar, if pleaded to an action for slanderous utterances

made prior to the filing of the petition, and it is only against such prior utterances that appellant has any present right to be protected.

The right, which the statute contemplates the perpetuation of testimony concerning, is a present right, either vested or contingent, and the proceeding can not be supported to protect a mere possibility or expectancy; the right must be certain, though future. Dursley v. Berkeley, 6 Vesey, Jr. 251; Pomeroy's Eq. Juris., Sec. 211; Story's Eq. Juris., Sec. 1511.

But it is argued by appellant that the release does not extend, and does not purport to do so, to utterances which appellant, in his affidavit, states he "doubtless will have occasion in the future" to make. The books contain no authority that one contemplating a tortious act may perpetuate testimony to shield him from the legal consequences of his proposed wrong-doing; and we can not conceive of a less substantial claim to a remedy.

For slanders uttered prior to the present petition, appellant is protected by the release, and not needing protection by perpetuated testimony, as to them, the Circuit Court properly refused to aid in doing a useless thing.

Sir John Leach, vice-chancellor, said, in Angell v. Angell, 1 Simons & Stuart, 83 (1 Eng. Ch.), "Courts of equity do not entertain bills to perpetuate testimony, generally, for the purpose of being used upon future occasion, unless where it is absolutely necessary to prevent a failure of justice."

Whether or not the Circuit Court properly refused to permit the offered affidavits to be filed need not be considered. They do not change the aspect of the case of which we have spoken in any respect. The decree is affirmed.