# Pew, Appellant, v. Minor.

*Equity—Equity pleading—Demurrer—Speaking demurrer.*

When a defendant in an equity suit interposes a demurrer as a defense he admits the truth of the material facts set out in the bill, but denies that they are sufficient to justify the court in granting the relief prayed for by the plaintiff.  The defense must be made out from the allegations of facts in the bill which, so far as material, are taken as verity.  It is a settled rule of equity pleading that the defendant is not permitted to introduce averments of fact in his demurrer, and if he does so, and the facts thus averred are necessary to support the demurrer, it constitutes a speaking demurrer, and is bad.

A demurrer to a bill in equity filed in the common pleas setting up that the case had been adjudicated at law in the court of quarter sessions, is bad as a speaking demurrer, and will not be sustained where there is no reference in the bill to the proceedings in the quarter sessions.

Argued Oct. 17, 1906. Appeal, No. 161, Oct. T., 1906, by plaintiff, from decree of C. P. Beaver Co., June T., 1906, No. 2, dismissing bill in equity in case of Joseph N. Pew v. Stephen Minor, Burgess, Charles M. Hughes, President, and Thomas L. Minesinger et al., members of the Town Council of the Borough of Beaver.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity to restrain the defendants, the burgess and members of the town council and the borough of Beaver, from enforcing an ordinance annexing to the borough a certain section of territory in the township of Borough.  Before POR-TER, P. J.

The bill was demurred to on the ground that the question involved had been previously adjudicated at law in the court of quarter sessions.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*George B. Gordon*, with him *John M. Buchanan, James L. Hogan* and *David A. Nelson*, for appellant.—A demurrer which introduces some new fact or averment which is necessary to

support the demurrer and which does not distinctly appear upon the face of the bill, is a speaking demurrer; such a demurrer will be overruled: Brooks v. Gibbons, 4 Paige, 374; Story's .Eq. Pleadings, 10th ed., p. 448; Davies v. Williams, 1 Sim. 5; Brownsword v. Edwards, 2 Ves. Sr. 243; Henderson v. Cook, 4 Drew, 306; Black v. Shreeve, 7 N. J. Eq. 440.

Our own Pennsylvania cases are necessarily in accord with this fundamental rule of pleading: Love v. Robinson, 213 Pa. 480; Wyoming County v. Bardwell, 84 Pa. 104; Wright v. Weber, 17 Pa. Superior Ct. 451; Wingert v. Continental Life Ins. Co., 1 W. N. C. 72.

*John B. McClure*, with him *Joseph L. Holmes* and *Agnew Hice*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1907:

The court below sustained the demurrer and dismissed the bill in this case for the following reasons set forth in the brief opinion filed: ." An examination of the proceedings at No. 29 December Term, 1905, reveals that the questions involved in this suit were thereat adjudicated and a court of equity will not again try the same question. Upon the appeal the court of quarter sessions had jurisdiction of the subject-matter. We therefore are of the opinion that the demurrer should be sustained and the bill dismissed." This ruling was based on the fact assigned as the first ground or cause of demurrer that "all questions of fact and law raised by plaintiff's bill of complaint in this case have been adjudicated by a court of law at No. 29 December Term, 1905, in the court of quarter sessions of Beaver County, Pa." This fact is not found in the bill but is averred in the demurrer and, as we have seen, was the ground on which the court sustained the demurrer.

When a defendant in an equity suit interposes a demurrer as a defense he admits the truth of the material facts set out in the bill, but denies that they are sufficient to justify the court in granting the relief prayed for by the plaintiff. The defense must be made out from the allegations of fact in the bill which, so far as material, are taken as verity. It is a settled rule of equity pleading that the defendant is not permitted to introduce averments of fact in his demurrer, and if he does so,

and the facts thus averred are necessary to support the demurrer, it constitutes a speaking demurrer, and is bad.   In 1 Daniell's Ch. Plead. & Prac. (6th Am. Ed.) * 587 it is said: "Care must be taken in framing a demurrer, that it is made to rely only upon the facts stated in the bill; otherwise it will be what is termed a speaking demurrer, and will be overruled." And in Adams on Equity * 335 the learned author says: "A demurrer introducing contrary or additional averments is termed a speaking demurrer, and cannot be sustained."

Applying this rule to the case in hand, we must hold that the trial court committed error in sustaining the demurrer. As we have seen, there was no allegation in the bill that the questions raised therein had been adjudicated by the court of quarter sessions, and the fact only appeared by an averment in the demurrer.   The learned judge, however, examined the proceedings in the quarter sessions and found that they "revealed that the questions involved in this suit were thereat adjudicated," and for that reason sustained the demurrer.   This was manifest error and requires the reversal of the decree, regardless of the merits of the case.

Decree reversed at the cost of the appellee, and a procedendo is awarded.