## Philadelphia *v.* Miller, Appellant.

*Statutes—Repeal—Rules of construction—Grandparents and Grandchildren—Support—Poor law—Acts of June* 15, 1836, *P. L.* 54, *and April* 6, 1905, *P. L.* 112.

1. The legislature is presumed to know the law and to be consistent.

2. A repealing clause in a statute, because of repugnancy, has no greater effect than an implied repeal because of repugnancy.

3. To justify a repeal, whether because of a repealing clause or by implication on the ground of repugnancy, that repugnancy must be real and substantial and not fanciful and visionary.

4. Repeal by implication is not favored.

5. In the construction and enforcement of statutes, they are to be applied and enforced in the inverse order of their enactment.

6. Section 28 of the Act of June 13, 1836, P. L. 541, making grandparents liable for the support of their grandchildren is not repealed by sec. 4 of the Act of April 6, 1905, P. L. 112.

Argued March 1, 1910. Appeal, No. 271, Oct. T., 1909, by defendant, from order of Q. S. Phila. Co., Nov. T., 1909, No. 1,287, on grandparent to pay weekly allowance for support of a grandchild in case of City of Philadelphia—Department of Public Health and Charities v. John Wesley Miller. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for an order for support.

From the record it appeared that the petitioner, Jennie D. Miller, filed her petition or affidavit November 12, 1909, alleging that she resided at 1632 Edgeley street, Philadelphia and was the wife of John J. Miller and mother of his two children John W. Miller aged ten years and Frank Miller aged five years who were poor and unable to work. That the said children had a grandfather John Wesley Miller residing at 1932 Wallace street, Philadelphia and that he had means and was well able to support the minor children of his son John J. Miller. Upon this affidavit a citation was issued to John Wesley Miller directing him to appear and show cause why an order should not be made upon him to support his said grandchildren.

John Wesley Miller filed an answer on November 30, 1909, admitting that he was the grandfather of the said minors and that they were the children of his son John J. Miller. He further submitted that the support of poor persons by their relations is now regulated by the Act of April 6, 1905, P. L. 112, and that said act does not include grandparents. Also that said act by the sixth section thereof repealed all acts or parts of acts inconsistent therewith and that any prior acts including grandparents had been repealed. The answer also denied any power of the court to compel a grandparent to support his grandchildren apart from the authority of statute. The answer further set forth that the said John J. Miller had another child Ethel Miller whom he, the said John Wesley Miller, had been supporting. Also that his son John J. Miller resided at 180 Seventh avenue, Brooklyn, New York; that to the best of respondent's knowledge and belief the said John J. Miller was entirely able and competent to support his said two sons and respondent was informed that his son was desirous of receiving said children to live with him. Also that respondent was informed that his said son was willing to appear in court if assured that he would not be arrested while so doing.

The answer further called for proof of the bona fide residence of said grandchildren in Philadelphia or Pennsylvania.

There was no replication or written reply filed to the answer.

A hearing was held November 30, 1909, at the conclusion of which the court made an order directing the said John Wesley Miller to pay $3.00 a week for the support of his grandchild John W. Miller and also $3.00 a week for the support of his grandchild Frank Miller. The respondent appealed.

Error assigned was the order of the court.

Alfred I. Phillips, for appellant.—A careful examination of the act of 1905, shows that it repealed sec. 28 of the act of 1836 and that grandparents being omitted in the new law are no longer legally responsible to support their grandchildren: Assn. v. Assn., 159 Pa. 308; Spees v. Boggs, 204 Pa. 504; Reeves's App., 33 Pa. Superior Ct. 196; Phillips v. Barnhart, 27 Pa. Superior Ct. 26; Knoblauch's License, 28 Pa. Superior Ct. 323; R. R. Co. v. Bogert, 209 Pa. 589; Johnston's Est., 33 Pa. 511; Fort Pitt B. & L. Assn. v. Model Plan B. & L. Assn., 159 Pa. 308.

William T. Connor, assistant city solicitor, with him J. Howard Gendell, city solicitor, for appellee.—The act of June 13, 1836, was not repealed by the later act: Hickory Tree Rd., 43 Pa. 139; Brown v. Com., 21 Pa. 37; Erie v. Bootz, 72 Pa. 196; Sifred v. Com., 104 Pa. 179; Com. v. DeCamp, 177 Pa. 112; Com. v. Vetterlein, 21 Pa. Superior Ct. 587; York Gazette Co. v. York County, 25 Pa. Superior Ct. 517; Com. v. Mills, 26 Pa. Superior Ct. 549; Com. v. Nagle, 31 Pa. Superior Ct. 175; Reeves's App., 33 Pa. Superior Ct. 196; Poor District v. Poor Dist., 16 Pa. Dist. Rep. 384.

OPINION BY BEAVER, J., April 18, 1910:

Section 28 of the Act of June 13, 1836, P. L. 541, provides: "Section 28. The father and grandfather, and the mother and grandmother, and the children and grandchildren, of every poor person not able to work, shall, at their own charge, being of sufficient ability, relieve and maintain such poor person, at such rate as the court of quarter sessions of the county where such poor person resides shall order and direct, on pain

of forfeiting a sum not exceeding twenty dollars for every month they shall fail therein, which shall be levied by the process of the said court, and applied to the relief and maintenance of such poor person."

By sec. 4 of the Act of April 6, 1905, P. L. 112, it is also enacted: "Section 4. The husband and wife, the father, the mother, and the children, respectively, of every poor person shall, at their own charge, being of sufficient ability, relieve and maintain such poor person, at such rate as the court of quarter sessions of the peace of the county where such poor person resides shall order and direct, on pain of forfeiting a sum not exceeding twenty dollars for every month they shall fail therein, which shall be levied by process of said court and be applied to the relief and maintenance of such poor person. And it shall be the duty of the directors or poor law officers of such county, or either of them, to make applications to the said court by petition, under oath, setting forth the necessary facts in all such cases." Section 6 of this act provides that, "All acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

The appellant contends that, under the provisions of the act last quoted, sec. 28 of the act of 1836, supra, is repealed, on the ground that the provisions of the latter are inconsistent with the former. There is no express repeal and, if the act of 1836 making grandparents liable for the support of their grandchildren, as expressed in the act, is repealed by the act of 1905, it must be by implication. The repealing clause in the latter act gives no greater efficiency as to the repeal than if nothing were said upon the subject, because a later act which in its terms is repugnant to a prior one is to be regarded as repealing the former by implication. But we can see nothing repugnant between these statutes. It is true that grandparents and grandchildren are not mentioned in the act of 1905, but there is nothing in the act to show that their liability for the support of those for whom they are made and held liable under the act of 1836 ceases.

Calling to mind a few of the simple canons of construction of statutes, solidly buttressed by abundant authority, we

have no difficulty in construing the acts herein referred to in entire harmony with each other and with the general scheme of legislation relating to this and cognate subjects.

The legislature is presumed to know the law and to be consistent.

A repealing clause, because of repugnancy, has no greater effect than an implied repeal because of repugnancy.

To justify a repeal, whether because of a repealing clause or by implication on the ground of repugnancy, that repugnancy must be real and substantial and not fanciful and visionary.

Repeal by implication is not favored.

In the construction and enforcement of statutes, they are to be applied and enforced in the inverse order of their enactment.

In Endlich on the Interpretation of Statutes (1888), sec. 182, it is said: "An author must be supposed to be consistent with himself; and, therefore, if in one place he has expressed his mind clearly, it ought to be presumed that he is still of the same mind in another place, unless it clearly appears that he has changed it. In this respect, the work of the legislature is treated in the same manner as that of any other author. . . . The language of every enactment must be so construed, as far as possible, as to be consistent with every other which it does not in express terms modify or repeal. The law, therefore, will not allow the revocation or alteration of a statute by construction, when the words may have their proper operation without it. . . . It is impossible to will contradictions; and if two passages are irreconcilable, the earlier stands impliedly repealed by the later. . . . Of course, subsequent legislation repeals previous inconsistent legislation, whether it expressly says so or not. In the nature of things it would be so, for contradictions cannot stand together." In sec. 183: "Where, in a statute, there are several clauses which present, as compared with each other, an irreconcilable conflict, the one last in order of date or local position must, in accordance with this rule, prevail, and the others be deemed abrogated to the extent of such repugnancy; whether the con-

flicting clauses be sections of the same act, or merely portions of the same section." The same rule is true of different statutes passed at different times.

In Brown v. County Commissioners, 21 Pa. 37, Judge BLACK, when chief justice of the Supreme Court, said, in his usual forceful way: "When two statutes are so flatly repugnant that both cannot be executed, and we are obliged to choose between them, the later is always deemed a repeal of the earlier. This rule applies with equal force to a case of absolute and irreconcilable conflict between different sections or parts of the same statute. The last words stand, and others which cannot stand with them go to the ground. But whenever two acts can be made to stand together, it is the duty of a judge to give both of them full effect. Even where they are seemingly repugnant, they must, if possible, have such a construction that one may not be a repeal of the other, unless the later one contains negative words, or the intention to repeal is made manifest by some intelligible form of expression. .

"That the law does not favor repeals by implication is a very old rule. Lord COKE says, it has ever been confined to repealing as little as possible of preceding statutes (Foster's Case, 11 Rep. 56). The principle prevails even where the statutes are penal, and where the humanity of the law would plead for another construction (Gregory's Case, 6 Rep. 19b.). With much stronger reason it applies to statutes which give powers to different persons. If the powers can subsist together, the grant of one is not a withdrawal of the other (Goldson v. Buck, 15 East. 372). These authorities have always been followed in Pennsylvania. One act of assembly is held to repeal another by implication only in cases of very strong repugnancy (Street v. Com., 6 W. & S. 209), or irreconcilable inconsistency (Com. v. Bank, 10 Pa. 442)."

In the case under consideration, we have a later statute, providing for the repeal of all acts or parts of acts inconsistent with the provisions of the act in question. Is there any inconsistency or repugnancy between sec. 28 of the act of 1836 and sec. 4 of the act of 1905? We cannot see wherein. Con-

struing or applying, under the rule that the last shall be first; by the act of 1905, provision is made for support of poor persons by the husband and wife, the father, the mother and the children respectively of such person. In this case, we have no such person within the jurisdiction of the court. Is it inconsistent with this act, therefore, for the court to say to the grandfather of the poor person, who is within its jurisdiction, as it did, you are liable under the act of 1836 for the support of your grandchild, and, in the absence of any person indicated by the act of 1905 as liable for the support, you must assume that duty and burden. We can see no such inconsistency. On the contrary, the acts would seem to be in harmony with and to supplement each other and to be in entire accord with the general scheme which would seem to indicate that inheritable blood is liable for the support of anyone through whom, and in the order in which, it can inherit. The decree of the court seems to us not only based upon proper statutory authority but upon the dictates of reason and humanity as well. If the case were reversed and this were a question of the distribution of the estate of the grandchild, the grandfather would, of course, inherit, in preference to an escheat to the public. Why, therefore, should he not be liable for support rather than turn the grandchild over to the public?

The sections of these several laws under consideration are, we think, entirely consistent with each other and with the general scheme of legislation governing the relations which exist among persons of the same blood, and we are all of the opinion that the decree of the court below was proper and in accordance with law.

Decree affirmed and appeal dismissed at the costs of the appellant.