In Re: Appeal from Ordinance of the City of Pittsburgh.

Argued May 5, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Harvey A. Miller,* and with him *Thomas Nichols* for appellant.—The Act of April 28, 1903, P. L. 332, repeals by implication the Act of June 8, 1874, P. L. 279. Hammond v. Aluminum Company of America, 261 Pa. 370; Murdoch v. Biery et al., 269 Pa. 577; Lawrence County v. Horner, 281 Pa. 336; Commonwealth v. Curry, 285 Pa. 289; Jefferson County v. Rose Township, 283 Pa. 126; Commonwealth v. Schmidt, 287 Pa. 150; Long v. Phillips, 241 Pa. 246.

The Act of June 8, 1874, P. L. 279 has also been expressly repealed by the Act of May 9, 1929, P. L. 1694. Valley Township v. Coatesville Borough, 51 Pa. Superior Ct. 186; Swissvale Borough, 64 Pa. Superior Ct. 63.

*H. Stewart Dunn,* and with him *Charles A. Wald-schmidt,* City Solicitor, and *Thomas M. Benner,* First

Assistant City Solicitor, for appellee, cited: Sheraden Borough, 34 Pa. Superior Ct. 639. The Act of June 8, 1874, P. L. 279 is not impliedly repealed by the Act of April 28, 1903, P. L. 332, or expressly repealed by the Act of May 9, 1929, P. L. 1694. McKeown's Petition, 237 Pa. 626; Com. v. Gilliam, 82 Pa. Superior Ct. 75.

*Charles A. Woods, Jr.,* for intervener.

OPINION BY LINN, J., July 10, 1930:

This appeal is from an order of the quarter sessions holding that proceedings for annexation to the City of Pittsburgh of a certain part of Penn Township were in conformity with the Act of June 8, 1874, P. L. 279. Pittsburgh is a city of the second class.

Appellants, describing themselves as "citizens and taxpayers" of the township, contend in this court, by their statement of questions involved, that the act of 1874 is:

1, impliedly repealed by the Act of April 28, 1903, P. L. 332.

2, expressly repealed by the Act of May 9, 1929, P. L. 1694.

Pursuant to rule 61, a brief was filed on behalf of appellants by counsel for the League of the Boroughs, Townships, and Cities of the third class of Allegheny County, stating two additional points:—that the act of 1874, and the city ordinance of annexation are unconstitutional as impairing the obligation of a contract.

The act of 1874 is entitled, "For the annexation of boroughs or townships, or parts of townships, to adjacent cities." It provides, where annexation of part of a township is desired, that (1) "three-fifths of the taxables shall present a petition to the councils of the said city asking for such annexation ......," with "a

plot of the same;'' (2) city councils may then "by ordinance annex such ...... part of the township;'' (3) such action by council "shall be final and conclusive unless an appeal therefrom be taken within ten days to the court of quarter sessions of the county; upon such appeal the clerk of said city council ......, shall certify to said court all the papers and proceedings in the case whereupon said court shall examine and inquire, and if the proceedings appear to have been in conformity with law, shall approve the same;'' the remaining section of the act provides that city council shall immediately arrange "for the proper representation in said councils" for the part of the township annexed.

The record before us consists of the following: The petition for appeal from the ordinance of the City of Pittsburgh, which averred that a petition had been presented to the council of Pittsburgh purporting to be signed by three-fifths or more of the taxables of a described part of Penn Township, praying that said part be annexed to the city; that, pursuant thereto, an ordinance of annexation had been duly passed and approved. This petition for appeal was presented to the quarter sessions within ten days as required by the act of 1874. Of the reasons alleged in that petition, we need consider only those stated above, treating the others as abandoned: rule 50.

On that petition the court ordered the clerk of city council to certify and file "all papers and proceedings relating to the annexation to the City of Pittsburgh of that portion of Penn Township described in the attached petition." The clerk certified the petition, the attached plot of the annexed part of the township, and the ordinance. On that record the court held argument and concluded (after a re-hearing) that the proceedings were in conformity with law, dismissed the appeal, and approved the annexation.

1. In support of the contention of implied repeal of the act of 1874 by the act of 1903, appellants insist that both acts cover "in fact the same subject matter;" they quote, as applicable, the rule thus stated in Com. v. Curry, 285 Pa. 289: "A subsequent statute, evidently intended as a revision of the whole subject matter of, and a substitute for, prior legislation, though it contains no express words of repeal, 'must, on general principles of law, as well as in reason and common sense, operate to repeal the former.' " We need not make an elaborate statement of the rules of construction applied in determining whether a statute is repealed by implication; they may be found at length in Com. v. Dale, 272 Pa. 189; Hammond v. Aluminum Company of America, 261 Pa. 370, 377; Com. v. Curry, supra; Sheraden Borough, 34 Superior Ct. 639, and in 25 R. C. L. pp. 914, etc., section 167 to 172. No one will deny that, in construing a statute, it is necessary to find the intention of the legislature. "It is always a question of the legislative intent. The presumption of course is that the statute expresses the full intent, and when, therefore, it is sought to extend the provisions beyond what their words express, the extension must appear by strong, if not by necessary, implication to be within the actual intent. It is in aid of the discovery of such intent that the principle is applied, that a merely affirmative statute shall not be held to repeal a previous one, if by fair and reasonable construction both can stand consistently together. Where, however, the intent of the later act is clear, no repugnancy to a prior one will authorize a construction against such intent": Rodebaugh v. P. T. Co., 190 Pa. 358; Brown v. Commissioners, 21 Pa. 37. In ascertaining the intention of the legislature with regard to the act of 1874, when adopting the act of 1903, we have, of course, the two statutes: the inquiry is, can they "stand consistently together." In comparing them, we find that two methods are provided,

inter alia, for annexing part of a township to an adjacent city, and we think it cannot reasonably be said that the method in 1903 was intended as a substitute for that prescribed in the act of 1874; the later act provides for an election—a step that involves considerable expenditure of public money,—while the earlier one provides a method involving comparatively little or no expense. Moreover, the act of 1903 also provides for annexation of one city to another city; the legislature may very well have concluded that a change of such magnitude should be the subject of election, though election might not always be considered necessary for annexation of part of a township. That important difference alone is sufficient to convince us that the later statute was not intended as a substitute for the act of 1874.

In the Act of May 9, 1929, P. L. 1694, providing for annexation of territory to cities of the third class, the act of 1874 was expressly repealed; that repeal, though valid only as related to annexation to cities of the third class, is some evidence that the legislature had not, prior to 1929, intended to repeal the act of 1874 by implication: see Cape Girardeau Co. Ct. v. Hill, 118 U. S. 68, 72, where a similar inference of legislative intent was made.

Appellants insist that the legislature cannot have intended to provide two methods of annexing part of a township to an existing city. But, even a cursory examination of annexation legislation will show that from early days there have been two methods of annexing territory to an adjoining municipality. The General Borough Act of 1851, P. L. 320, in section 30, P. L. 327, provided for annexing adjacent territory to the borough and authorized it to be done by application of free-holders of adjacent land and acceptance by borough ordinance. This act was supplemented by the Acts of June 11, 1879, P. L. 150, and May 17, 1883, P. L. 36, providing for annexation to a borough by

the concurrence of the quarter sessions and the grand jury. Here, then, were two methods by which a borough might annex adjacent land (Camp Hill Borough, 142 Pa. 511, 517) and, when it was contended that the later legislation by implication repealed the earlier act, it was held that "they may well stand together": Plymouth Borough v. Plymouth Township's Appeal, 167 Pa. 612. So, too, in Sheraden Borough, supra, this court held that the annexation act of 1903 did not impliedly repeal a special annexation act (May 10, 1971, P. L. 718; Pittsburgh's Appeal, 79 Pa. 317) authorizing consolidation of adjacent territory with the City of Pittsburgh, though the same argument against having two methods of annexation was as applicable then as now. It is interesting to note, too that, as late as March 28, 1929, P. L. 85, a method wholly unlike that provided in the act of 1903 was enacted for annexation to cities of the third class.

Another example of the application of the same rule of construction is found in Com. v. Curry, supra, holding that it can not be said that the habitual-offender provision contained in section 6 of the probation act of 1909, P. L. 495 was impliedly repealed by the probation act of 1911, P. L. 1055, section 6 of which omitted the habitual-offender provision contained in section 6 of the former act. We must therefore conclude against appellants on this point.

2. Nor can we agree with them that the Act of May 9, 1929, P. L. 1694 expressly repeals the act of 1874 in its application to a city of the second class. While the repealing words are general, they must be construed in subordination to the title of the act. The constitution requires that the subject of a statute be clearly expressed in the title. The title of the act is, "Providing a method of annexation of boroughs, having a population of less than ten thousand inhabitants, townships or outlying lots, to cities of the third class; providing for the addition of such territory to adjacent

ward or wards of such cities, or for the erection of such territory into a new ward or wards; providing for the regulation of the indebtedness and assets of annexed territory; regulating the proceedings pertaining to such annexation; and repealing inconsistent legislation.'' While that title gives clear expression of intention to change the law for annexation to cities of the third class, there is no notice of proposed change concerning annexation to a city of the second class: as to the former it is valid; as to the latter it is not: see Provident v. Hammond, 230 Pa. 407; Spangler's Estate, 281 Pa. 118; Investors' Realty Company v. Harrisburg, 281 Pa. 200; Com. ex rel. v. Reese, 293 Pa. 398, 401.

3. In the brief filed under rule 61, the contention is made that the act of 1874 and the annexation ordinance are unconstitutional in that they impair the obligation of a contract. But the record contains nothing to support the contention. The only averment of facts in the petition concerning possible existing contracts, is the following: ''The Township of Penn, through its proper officers, has entered into contracts for the construction of main sewers in various sections of the township, the cost of which is to be borne by all properties in the sewer district of assessment, in accordance with existing laws, one of which sewer districts includes, inter alia, the area proposed to be annexed in this proceeding. The main sewer in question has been substantially completed, but as yet no assessments have been made.'' If there are such contracts, neither they nor the contractors are before us; no creditors are here; appellants are neither one nor the other; without the contracts, a court cannot determine what their obligations are, and without that knowledge, cannot hold that there has been any impairment. So far as the record shows, when the act of 1874 was passed, Penn Township may not even have been a

municipality; there is therefore no ground whatever to hold that the act is unconstitutional.

But the brief says, "The ordinance passed by the council of the City of Pittsburgh, under the provisions of the act of 1874, is unconstitutional in that it provides for annexation without preserving the obligations of contract of the township, school district, and creditors of those municipal corporations." It is perhaps not without significance that no authorities are cited in the brief to support the assertion of unconstitutionality. Only a party injured by the alleged unconstitutionality may ask to have a statute or ordinance declared unconstitutional: Gentile v. P. & R. Rwy. Co., 274 Pa. 335, 340; Com. v. Haldeman, 288 Pa. 81, 83; Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531, 544. In our opinion no question of impairment of obligation of a contract is presented by the record, though on the general subject hinted at in the brief, see Hunter v. Pittsburgh, 207 U. S. 161, and cases there cited; Dillion: Municipal Corp., 5th Ed., Vol. 1, Sec. 355, etc.

Order affirmed.