Commonwealth ex rel. v. Cliff, Appellant.

606

Argued December 10, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Edward P. Geuther,* for appellant.

*John F. Burgess,* Assistant District Attorney, and with him *Charles F. Kelley,* District Attorney, for appellee.

Opinion by James, J., February 1, 1935:

Ella Shive filed her petition in the Municipal Court of Philadelphia for an order of support against her daughter, Gertrude Cliff, upon which petition after hearing the court entered an order directing Gertrude

Cliff to pay the sum of two dollars per week towards the support of her mother.

The question raised on this appeal is whether the testimony shows sufficient ability on the part of the appellant to pay the order. Ella Shive is an elderly lady without any income and unable to support herself. She has three children of whom two sons, Walter and Harris, are contributing two dollars per week. An effort was made to have each of the children take the mother for definite periods, but appellant refused. The appellant is a widow and lives with her unmarried son, who is employed at the U. S. Smelting Works and receives the sum of forty dollars per week.

During his lifetime the husband of appellant was treasurer and manager of the U. S. Smelting Works, the stock of which was owned by appellant's husband and his two sisters. Appellant's husband assigned his stock as collateral security for an indebtedness and although it appears by statement of defendant's counsel that the husband's estate was insolvent and that the plant was being operated at a loss, it so appears that the management of the corporation was in the hands of appellant's two sons, one of whom was receiving the salary of forty dollars per week but the other boy's salary does not appear, nor does it appear whether he is contributing to his mother's support. Under these circumstances the court below, "was of the opinion that the defendant has retained sufficient control of her husband's interest in the business of U. S. Smelting Works to warrant the inference that she was of sufficient ability to contribute the meager sum of two dollars per week." In living with her unmarried son, a further inference can be had that the appellant was managing the home, which indicated some earning capacity. Appellant's chief complaint seems to be that as the son was supporting his mother, by the imposition of the order upon his mother, he

would also be supporting his grandmother. This may be true, but this is not a valid defense against the order that is made against the mother as upon proper proceedings and proof he might be compelled to provide support for his grandmother.

In passing upon the testimony in a proceeding for support, the court may take into consideration all the surrounding circumstances shedding any light upon the ability of the defendant to comply with the order and may draw reasonable inferences therefrom in fixing an order for support. Such an order is within the province of the court and will not be disturbed unless there is an abuse of discretion. Upon the testimony of the present record, we are not convinced that the discretion was abused.

Order affirmed.