## Commonwealth v. Tomlinson et al.

*K. L. Shirk*, assistant district attorney, for Commonwealth.

*Frank E. Coho, W. Hensel Brown*, and *B. F. Davis, Jr.*, for respondents.

SCHAEFFER, J., February 18, 1938.—Proceedings were instituted against the children and grandchildren of Fannie M. Finefrock, of Lancaster City, an indigent person, for her support. She is 86 years of age and has two children, Harry W. Finefrock and Anna Mary Tomlinson. There is also an adopted son, Michael Finefrock. There are 11 grandchildren. Since 1932, Fannie M. Finefrock has been living with and supported by her son, Harry W. Finefrock. Anna Mary Tomlinson, the daughter, has been financially unable to contribute to the support of her mother. Michael Finefrock, the adopted son, appeared voluntarily and is willing and able to pay 25 cents per week toward her support.

The complaint in this case is based on The Support Law of June 24, 1937, P. L. 2045. Section 3(*a*) of the act provides:

"The husband, wife, child, father, mother, grandparent and grandchild of every indigent person shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides, shall order or direct".

The liability of a grandchild for the support of an indigent grandmother, if financially able to do so, is not a new provision in the statutory law of this State. See the Act of March 29, 1803, 4 Sm. L. 50, sec. 29, and the Act of June 13, 1836, P. L. 539, sec. 28.

In Commonwealth ex rel. v. Cliff, 115 Pa. Superior Ct. 605, 608, it is said that "upon proper proceedings and proof he might be compelled to provide support for his grandmother." Accord: Philadelphia v. Miller, 42 Pa. Superior Ct. 471. In Commonwealth ex rel. v. Milne, 90 Pa. Superior Ct. 68, Judge Keller at page 74 of his opinion cited the earlier acts in this State bearing upon the question involved in this proceeding back to the Act of March 9, 1771, 1 Sm. L. 332, sec. 29, and said all of them are modeled on section 7 of the Act of 43 Eliz. c. 2, 2 Eng. Stat. at L. 702. He decided that no legal duty is imposed on any grandparent to support his grandchildren as long as the father is able to and does provide for them. The primary obligation of support rests on the father. The Support Law of 1937, supra, must be construed in the light of this decision. The conclusion is warranted that the same principle applies where the grandchild is called upon to support a grandparent. The primary obligation of support rests on the children and not on the grandchildren.

Only six of the grandchildren are at present in a financial position to contribute to the support of their grandmother. According to the testimony and admitted facts the total amount which the grandchildren are able to pay is $2.75. Under the circumstances the court will not enter an order against the grandchildren named in

this proceeding for the support of their grandmother, Fannie M. Finefrock.

And now, February 18, 1938, the motion to dismiss the proceedings as to the grandchildren of Fannie M. Finefrock is sustained and the proceedings are dismissed, the costs to be paid by the County of Lancaster.