### McCONVILLE v. DISTRICT OF COLUMBIA et al.

No. 65379.

District Court of the United States for the District of Columbia.

Dec. 14, 1938.

296

Cornelius H. Doherty, of Washington, D. C., for plaintiff.

Elwood H. Seal, Corp. Counsel, and Chester H. Gray and M. Mahorner, Jr., Assts. to Corp. Counsel, all of Washington, D. C., for defendants.

LUHRING, Justice.

The complaint is for a mandatory injunction to compel the defendants to refund taxes erroneously collected.

It is alleged that by virtue of an agreement between the plaintiff and the American Security and Trust Company on the 2nd day of September, 1926, the plaintiff deposited $75,000 with that company, and the company agreed to collect the income therefrom and, after paying all costs, charges and expenses properly incident to the management of the fund, to pay the net income to the plaintiff.

It is further alleged that from the 2nd day of September, 1926 to and including the 1st day of July, 1937, the Trust Company paid taxes in the amount of $3,750 to the District of Columbia, and that during the same period the plaintiff, having no knowledge of the returns and payments made by the Trust Company, as her agent, paid a like sum of taxes to the District of Columbia.

It is alleged that at the time she made the agreement with the Trust Company, the plaintiff was a widow and had no knowledge whatever concerning the management of the estate which had been left to her, and relied solely upon persons who were employed by her to keep her estate intact and to make proper reports to the municipal authorities concerning the property subject to taxation; that on March 1st, 1937 she learned that the Trust Company had been paying taxes on the fund and deducting the amount thereof in accordance with its agency agreement.

It is further alleged that on the 17th day of March, 1937, plaintiff brought the matter to the attention of the Commissioners of the District of Columbia and requested a refund of the taxes so erroneously paid; that this request was refused on the ground that the appropriation act for the fiscal year 1937 only permitted refunds of erroneously paid taxes collected within the past three years. Act June 29, 1937, 50 Stat. 365.

The defendants filed a motion to dismiss the complaint upon the following grounds:

1. The complaint fails to state a claim against defendants upon which relief can be granted;

2. The complaint shows on its face that the claim is barred by the statute of limitations and laches;

3. The complaint fails to make the Auditor of the District of Columbia, an indispensable party, a defendant.

Attached to the defendant's memorandum of points and authorities in support of their motion to dismiss is a stipulation signed by counsel for plaintiff and defendants setting forth that sometime after the complaint was filed the District of Columbia refunded to the plaintiff the sum of $1,125 representing the amount of the duplicate taxes paid during the three years prior to the refund.

The motion to dismiss tests the sufficiency of the complaint to state a claim entitling the plaintiff to relief. In order to decide the question argued by counsel in support of the motion, it is necessary to go outside the complaint and supply facts from a stipulation entered into by the parties to the effect that the District has refunded taxes erroneously collected for the past three years. A ground of the motion is that the plaintiff is barred by laches from recovering taxes erroneously paid prior to that time. The case made by the complaint includes taxes erroneously paid during the three year period.

The motion to dismiss under the federal rules is essentially the same as the demurrer in the early equity practice. To bring in matter not alleged or appearing in the complaint by demurrer resulted in a speaking demurrer which, in the early equity practice, is ordinarily overruled because it is a speaking demurrer. Pew v. Minor, 216 Pa. 343, 65 A. 787.

The court will overrule the motion to dismiss without prejudice, reserving to the defendants the right to take by answer whatever advantages might otherwise have been secured by the motion.