Kingston Borough, Appellant, *v.* Kalanosky et al.

Argued March 8, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*James P. Harris,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY JAMES, J., July 15, 1944:

The Borough of Kingston filed a bill in equity to enjoin John Kalanosky and Mary Kalanosky from the operation of a retail beer dispensing business upon premises owned by the defendants, averring that the premises were located within the General Residence (U 5) Districts as provided under a zoning ordinance duly enacted and approved on December 3, 1928. Defendants filed preliminary objections to the bill, which raised two main questions: (1) that the act of June 29, 1923, P. L. 957, 53 P. S. Sec. 15731, under which the zoning ordinance was adopted, was repealed by the Beverage License Law of May 3, 1933, P. L. 252, and

its supplements, 47 P. S. Sec. 744-602-14; (2) the determination by the Court of Quarter Sessions that the ordinance adopted by the Borough of Kingston was inconsistent with the Beverage License Law, was res adjudicata of the questions raised by the bill in equity.

From the opinion of the court below, it appears defendants had made .application to the Liquor Control Board for leave to transfer a beer license to the premises in question. The Liquor Control Board denied the transfer but on appeal the Court of Quarter Sessions sustained the appeal and directed the Board to transfer the license. The court held that the Beverage License Law of 1933, as amended and reenacted, repealed the Act of June 29, 1923, P. L. 957,. and the ordinances adopted by the Borough. The same judge heard the preliminary objections to the present bill, adhered to his former opinion that the act of 1933 repealed the act of 1923 and the zoning ordinance and dismissed the bill. This appeal by plaintiff followed.

The act of June 29, 1923, supra, provides: "For the purpose of promoting health, safety, morals, or the general welfare of boroughs ...... councils of boroughs ...... are hereby empowered to regulate and restrict ...... the location and use of buildings, structures and land for trade, industry, residences, or other purposes ......".

This act has been held to be constitutional and ordinances adopted under it have been sustained unless found to be an unreasonable exercise of power. *Taylor v. Moore,* 303 Pa. 469.

Beverage License Laws have been enacted by the following statutes: Act of May 3, 1933, P. L. 252; Act of December 20, 1933, Sp. Sess. P. L. 75; Act of July 18, 1935, P. L. 1217 and the Act of June 16, 1937, P. L. 1827, and in their titles we find similar language as to their purpose, to wit: to regulate and restrain the traffic in malt and brewed beverages. These various acts,

except the act of 1933, Sp. Sess., contain a clause repealing certain prior acts, all relating to the sale of intoxicating liquors for beverage purposes, except the act of May 20, 1913, P. L. 229, regulating public amusements, and the additional provisions of "all other acts and parts of acts, general, local and special, inconsistant with this act". Having failed to expressly repeal the act of 1923, supra, was it repealed by implication in so far as the Lasher Act applies to the location of a liquor license.

An implied repeal is one which takes place when a new law contains provisions which are contrary to, but do not expressly repeal, those of a former law. A statute, or a provision thereof, may be repealed by implication. Whether it has been so repealed is a question of legislative intent. Appeal from ordinance Pittsburgh 99 Pa. Superior Ct. 467, affirmed 302 Pa. 259, 153 A. 436.

The repeal of statutes by implication is not favored. The courts are slow to hold that one statute has repealed another by implication, and they will not make such an adjudication if they can avoid doing so consistently or on any reasonable hypothesis, or if they can arrive at another result by any construction which is fair and reasonable. 59 C. J. 905, Sec. 510. A repeal of statute by implication is not favored, particularly where there is no repugnancy or irreconcilable conflict between enactments. *Pipa v. Kemberling,* 126 Pa. Superior Ct. 289, 191 A. 376, affirmed 326 Pa. 498, 192 A. 878.

It will be presumed that the legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject; and where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute, unless there is such inconsistency or repugnancy between the statutes as to preclude the presumption, or the later statute revises the whole subject matter of the former.

59 C. J. 909, Sec. 511. To establish a repeal by impli-
cation there must be a clear and strong inconsistency
between the acts. *Philadelphia v. Miller,* 42 Pa. Su-
perior Ct. 471.

Both the Zoning Law and the Beverage License Laws
were enacted under the police power of the Common-
wealth, one to promote the general welfare by regulat-
ing the location, character and purpose of lands and
buildings within the municipality, the other to accom-
plish a like purpose by the regulation and restraint of
the liquor traffic. Both acts are comprehensive and
enforcible within the scope of the purpose for which
they were adopted and are not inconsistent nor re-
pugnant. To sustain the position of the court below,
destroys the validity of every residential zoning or re-
strictive business zoning ordinance insofar as it may
affect the location of a liquor license. Carried to its
logical conclusion, any residential section may have lo-
cated within its midst a beer or liquor license regard-
less of its effect upon the community, invading its pri-
vacy, affecting its happiness, morals and safety. The
location of a liquor license has always been a trouble-
some and annoying problem and we cannot find, from
the reading of the Beverage License Laws, a legislative
intent that would permit the establishment of a beer
or liquor license in any community regardless of the
wishes of its citizens, properly and legally exercised.
As we said in *Shibes Appeal,* 117 Pa. Superior Ct. 7, 12
(1935) 177 A. 234, "only language which would compel
an inescapable conclusion of such construction would
sanction such view".

The lower court, in reaching its conclusion, was per-
suaded that the decision of *Baker v. Kirschnek,* 317 Pa.
225, was controlling. We are not so persuaded. The
question which arose in that case was whether the
Liquor Control Board was authorized to establish a
liquor store within the limits of the Borough of Media,
incorporated by the Act of March 11, 1850, P. L. 1851,

at page 778, which, under Sec. 34, provides, "that it shall not be lawful for any person to sell intoxicating liquor within the limits of the Borough". In the opinion of the court below in that case, adopted by the Supreme Court, it was held that the Commonwealth was not a *person* within the meaning of the act of 1850, supra, and that the Liquor Control Board had the right, without restriction, to determine the municipality within which a liquor store may be established. We are not convinced that in so ruling it was intended to extend the right of the Liquor Control Board to grant licenses to *individuals* without restriction.

In two recent cases, *Shibes* case, supra, and *Appeal of Oriole,* 146 Pa. Superior Ct. 464, (1941) 22 A. (2d) 611, this court held that the Beverage License Laws did not repeal the act of July 9, 1881, P. L. 162, which prohibited the granting of a license to certain persons in places of amusement and to premises which had a passage or communication to or with the place of amusement, and that the purposes of the acts of 1881 and 1933 could be harmonized and that they were two methods which were exclusive, one from the other. We believe that these decisions should be controlling in this case.

The question of res adjudicata, as raised by the preliminary objections to the bill, is a clear case of a speaking demurrer, as there is no averment in the bill of equity as to any proceedings in the Court of Quarter Sessions.

Where a bill in equity was filed in the Common Pleas, and defendant filed a demurrer setting up prior adjudication in the Court of Quarter Sessions, it is bad as a speaking demurrer where there is no reference in the bill to the proceedings of the Quarter Sessions. *Pew v. Minor,* 216 Pa. 343, 65 A. 787. See also *Naffah v. City Deposit Bank,* 339 Pa. 157, 13 A. (2d) 63. Assuming that the bill in equity fully averred the facts of what occurred in the Court of Quarter Sessions, still we are of the opinion that the decision therein rendered was

not binding upon the Borough of Kingston. It was an entirely different issue and the individual protestants, or the municipality, had no standing either before the Board or before the court.

To be concluded by a judgment one must be a party to a suit, or what is equivalent thereto, with the right to control the proceedings, and take an appeal. *Williams v. Lumberman's Insurance Co.*, 332 Pa. 1, 1 A. (2d) 658.

The decree of the court below is reversed and the record remitted for further proceedings consistent with this opinion. Costs to abide the final decree.