## Flannery Appeal

*Jerome E. Parker,* for appellant.

*Paul R. Selecky,* for Liquor Control Board.

HOBAN, P. J., October 29, 1954.—Appeal from decision of the Pennsylvania Liquor Control Board refusing to transfer a malt beverage distributor's license from one location to another in the City of Scranton. It is clear from the evidence that appellant in person and the proposed premises to be occupied are qualified according to the rules of the Pennsylvania Liquor Control Board.

The board refused to sanction the transfer because (a) the business, if established in the proposed location, would be a prohibited use under the zoning ordinance of the City of Scranton (Scranton City Ordinance File of the Council, no. 64, year 1924, Mattes Scranton Digest 1866-1925, p. 379), and (b) a num-

ber of residents of the area are opposed to the proposed use.

At the hearing it was conceded that the proposed location was in a "B" zone. The zoning ordinance prohibits all uses in a "B" zone not specifically enumerated as permited either in an "A" zone or "B" zone. Neither a general wholesale business nor the specific business of beer distributor is so enumerated, hence this business is clearly a prohibited use in a "B" zone.

At the hearing also several property owners living in the vicinity appeared as witnesses for the Commonwealth and offered evidence to the effect that the location was in fact in a "B" zone, that the business is a wholesale business, and that they would be personally inconvenienced and their properties depreciated in value by the establishment of the business in the proposed location.

We are of the opinion that once the Liquor Control Board is placed on notice that a zoning ordinance bars the establishment of a licensed business in an area subject to zoning, the Liquor Control Board may not issue a license for, nor transfer a license to, any location within the area subject to the bar. To hold otherwise would be to sanction the overruling of a valid municipal ordinance by administrative fiat, a proposition which is patently untenable. The Liquor Code has not repealed by implication or otherwise the provisions of the statutes under which zoning ordinances are enacted. Hence the Liquor Board may not ignore the provisions of a valid zoning ordinance insofar as it prohibits or regulates the establishment of a licensed business in any location subject to zoning. See Kingston Borough v. Kalanosky et al., 155 Pa. Superior Ct. 424.

The position of appellant, who does not question the validity of the Scranton zoning ordinance, appears to be, first, that the persons who filed a protest before

the board and subsequently appeared as witnesses at the hearing de novo in this court, had no legal standing to appear as objectors to the application to transfer and, further, that the court has no jurisdiction to interpret the zoning law of the City of Scranton where the protestants admit that they have taken no action under the zoning ordinance itself, and especially where the ordinance is completely silent on the question of intoxicating beverages.

As to the first contention, it may be conceded that contestants have no standing as such to object to the granting or transfer of the license merely on the ground of undesirability from their standpoint of the establishment of the business in their neighborhood. There is plenty of case law to the effect that the granting or transfer of a license is mandatory upon the board so long as the applicant and the property meet the required qualifications, but that is not the same thing as saying that persons who have an interest in a property right which may be affected by the granting of a license may not intervene to present any legal bar to the license which they may believe to be set up by law, nor that they may not appear as witnesses to present facts which, if established, would constitute a legal bar to the granting of the license. In this court all the so-called protestants did was to appear as witnesses and to testify as to the factual location within a zoned area of the proposed place of appellant's business and to the fact that it was furthermore a wholesale business. Their testimony as to the undesirability of the business or the inconveniences attending upon it to the neighbors may be regarded as irrelevant. That the granting of such a license would authorize establishment of a wholesale business is apparent from the terms of the authorized malt beverage distributor's license. See the Liquor Code of April 12, 1951, P. L. 90, as amended, sec. 431(b), 47 PS §4-431(b). This

is so regardless of the testimony of appellant that he proposed to confine his business to about 99 percent retail distribution rather than to wholesale.

The second position of appellant is likewise untenable. Neither the liquor board nor this court has attempted in this proceeding to "interpret" the Scranton zoning ordinance, but simply to recognize a patent prohibition of the ordinance and a location on a zoning map. If any interpretation is to be sought, it seems to us that the person to seek it is the one who seeks to avoid the apparent bar of the ordinance. That appellant may do by the simple expedient of applying for a certificate of use to the proper municipal authority under section 35 of the Scranton ordinance, or on appeal from a refusal to apply to the board of zoning appeals for a variance under section 42(c) of the ordinance.

The objection that the ordinance ought to be avoided because the business was not contemplated at the time of the passage of the ordinance in 1924, while National prohibition was in effect, has no merit. A wholesale business may be established in a "D" zone (see section 12 of the Scranton ordinance), so that appellant certainly is not barred from conducting the business in an appropriate zone. What he may not do is establish a prohibited business in a "B" zone unless he secures from the proper authority set up by the zoning ordinance a certificate of use based on a permissible variance.

So far as the Pennsylvania Liquor Control Board is concerned, it is compelled to recognize as a fact the apparent bar of a zoning ordinance, just as it recognizes any other fact in establishing the qualification of specific premises for which a license is sought.

Now, October 29, 1954, the appeal of Martin J. Flannery, Jr., from the decision of the Pennsylvania Control Board's refusal to transfer a malt beverage

distributor's license from premises located in the rear of 222 North Webster Avenue, in the City of Scranton, to premises known as 1420 Mulberry Street, Scranton, Pa., is dismissed.