## Gambol v. Borough of Yeadon

*Lord and Mulligan,* for plaintiffs.

*George S. Saulnier,* for zoning board of adjustment.

*Robert A. Wright,* for intervenors.

SWENEY, P. J., January 21, 1965. — Appellants have filed exceptions to the decree nisi of the trial judge,\* the case has been argued before the court en banc upon written briefs and the matter is now ready for decision.

The same questions are raised on exceptions as were raised before the trial judge. A little further discussion may be helpful. Appellants are most concerned that the Zoning Ordinance of Yeadon Borough, as it deals with restaurants and eating houses, is designed to control liquor licenses, which, we all agree, is the exclusive province of the Liquor Control Board. The ordinance defines an "eating place" as a place where food is sold for consumption upon a premises having a total area of not less than 300 square feet and equipped with tables and chairs accommodating 30 persons at one time. The evidence discloses that appellants discontinued an apartment on the second floor of their premises and put in tables and chairs, thereby obtaining 300 square feet and space for tables and chairs for the accommodation of 30 persons; this was done for the sole purpose of securing the renewal of a beer license by the State Liquor Control Board. The evidence further discloses that appellants' business is a neighborhood retail delicatessen business and that appellants are princpally interested in produce and beer "to be taken out" and have little business where goods are consumed on the premises.

---

\* The opinion of the trial judge is published in 53 Del. Co. 39.

Secondly, appellants property is located upon a small parcel of land completely surrounded by the best residential neighborhood in Yeadon. Many of these neighbors appear as protestants. Thirdly, there is no provision for off-street parking and an increase in travel to and from appellants' property would produce an additional hazard, not to mention noise, lights and general disturbance.

We believe that the board of adjustment did not abuse its discretion in refusing to grant a variance in this matter. At the same time, we do not feel that the use to which appellants will put their property is a proper enlargement of a nonconforming use. Where a valid zoning ordinance has zoned a given area residential, precluding the conversion of an established nonconforming use of a building as a dairy store into a restaurant selling liquor, the zoning ordinance will be upheld and enforced notwithstanding the issuance of a liquor license by the Liquor Control Board: Veltri Zoning Case, 355 Pa. 135. See also Kingston Borough v. Kalanosky, 155 Pa. Superior Ct. 424. Nor can the right of a municipality, by zoning ordinances, to exclude hotels and taverns from a community devoted entirely to residential use, be questioned: Sawdey Liquor License Case, 369 Pa. 19.

In view of all the circumstances in this case, we do not feel that the Yeadon ordinance is designed to control the liquor or beer business in the borough, and we adopt the findings of the trial judge as our own and enter the following

DECREE

And now, January 21, 1965, it is ordered and decreed that the appeal herein filed shall be dismissed, appellants to pay the costs. An exception is noted for appellants.