## DePiazzi Estate

*Vincent B. Corsetti,* for petitioner p. p.

*Anthony L. V. Picciotti,* for respondent.

KLEIN, J., June 25, 1969.—Ida DePiazzi died April 26, 1969, leaving a will in which she named Vincent B. Corsetti, a member of our bar, as executor. Mr. Corsetti filed a petition upon which a citation was issued directed to Elia Kreb, a daughter of decedent, and Philadelphia Saving Fund Society. In his petition, the executor recites:

"3. That the Executor was informed by the husband of decedent that ELIA KREB, a daughter of said decedent, did without any authority or knowing consent of the decedent, *cause to have transferred to her either jointly with the decedent or in her name solely,* said $25,000.00 with an account or accounts with PHILA-DELPHIA SAVING FUND SOCIETY at its office located, Broad and McKean Streets, Philadelphia Pennsylvania. (Italics supplied.)

"4. This transfer was done at a time when the decedent was under severe emotional stress and left her without any funds to provide for her maintenance and support and was done without adequate consideration of and to the detriment of the decedent and her Estate.

"5. That prior to her death the decedent held a Safety Deposit Box in joint names with said daughter, ELIA KREB, at the Fidelity Bank, 23rd & Snyder Avenue, Philadelphia, Pennsylvania, and all property in said Safety Deposit Box belonged to the decedent and the Safety Deposit Box was created in both names solely for the convenience of the mother."

Respondent, Elia Kreb, filed preliminary objections, contending that jurisdiction of that phase of the proceedings which involves ownership of the savings account lies exclusively in the trial division of the court of common pleas and not in the orphans' court division. She makes no objection to the jurisdiction of the orphans' court division with respect to the contents of the safe deposit box.

Both the petition filed by the executor and the preliminary objections filed thereto are seriously defective.

Section 301 (13) of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301 (13), vests exclusive jurisdiction in the orphans' court to adjudicate title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death.

In Rogan Estate, 394 Pa. 137 (1958), the court ruled than an orphans' court has jurisdiction to determine the ownership of a joint bank account in the names of decedent and another person at the time of former's death.

In the present case the executor alleges that respondent caused to have transferred "to her either jointly with the decedent or in her name solely" the savings account in dispute. This pleading in the alternative is improper. If the account had been in the joint names of the decedent and respondent when decedent died, jurisdiction would clearly lie in the orphans' court. However, if title were solely in the name of respondent, the orphans' court would not have jurisdiction unless it were established that the account was presumptively in decedent's possession at the time of her death.

Since we cannot ascertain from an examination of the petition whether the account was in the name of respondent alone or jointly with decedent, we are not in a position to ascertain where jurisdiction of this dispute lies.

Moreover, the cavalier manner in which petitioner has pleaded his cause makes it virtually impossible for us to determine whether the account was "presumptively" in decedent's possession when she died. It is incumbent upon him to make a searching and thorough investigation of all of the circumstances attending the alleged transfer of the savings account in question. He should then set forth in detail in his petition the results of his investigation, particularly the numbers and precise manner in which ownership was designated of both the old and new accounts, the date and manner in which the transfer was effected, who had physical possession of the books, the physical and mental condition of decedent at the time and all other pertinent facts relevant to the issue. Only in this manner can we ascertain in which division of the court jurisdiction in this matter lies.

Having concluded that the petition is improperly drawn, we must also point out that the preliminary objections filed by Elia Kreb, respondent, are also

defective because she not only raises questions of law but also makes averments of facts therein. This is improper. In McHenry Estate, 65 D. & C. 330 (1948), our former colleague, Judge Ladner, later Mr. Justice Ladner, said at p. 332:

"The objections are badly pleaded. It has been settled that the preliminary objections, like the speaking demurrer of old, must not plead facts, and when they do, such facts must be disregarded: Shaffer et al. v. Shaffer et al. 354 Pa. 517; Pew v. Minor, 216 Pa. 343."

See also: Doran Estate, 65 D. & C. 227 (1948); Axe Estate (No. 2), 37 D. & C. 2d 626 (1965), 16 Fiduc. Rep. 49.

Accordingly, we enter the following

### DECREE

And now, June 25, 1969, the preliminary objections are sustained pro forma. Leave is granted to Vincent B. Corsetti, petitioner, to file an amended petition within 30 days of this date.