## Love, Appellant, *v.* Robinson.

*Partition—Equity—Pleading—Demurrer.*

Objection cannot be taken by demurrer to a bill in equity for partition, because the bill did not include all the property held in common by the parties, where there is no averment in the bill that the parties were the owners in common of any other realty than that set out therein.

A demurrer to a bill in equity in partition will not be sustained where the ground of demurrer is that the court had acquired jurisdiction of the subject-matter in a previous suit in equity, but an inspection of the record of such suit shows that that subject-matter of controversy in it was only a one-third interest in the lands involved in the second suit.

There is nothing in the equity rules of Pennsylvania, nor in the well-settled equity practice, to sustain the position that a demurrer overrules a plea.

Argued Oct. 31, 1905. Appeal, No. 134, Oct. T., 1905, by plaintiff, from decree of C. P. No. 1, Allegheny Co., June T., 1905, No. 24, sustaining demurrer in case of Mary A. Love v. John W. Robinson and Andrew L. Robinson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for partition.

The opinion of the Supreme Court states the case.

*Error assigned* was in sustaining the demurrer.

*Thomas James Meagher*, with him *Robert S. Bright* and *Robert T. McElroy*, for appellant.—Matters of fact that do not appear on the face of the bill cannot be set up by demurrer: Holmes v. Fulton, 193 Pa. 270.

*John P. Hunter*, with him *George D. Riddle*, for appellee.— The bill of complaint was bad because it did not include all the property owned by the tenants in common : Rex v. Rex, 3 S. & R. 533 ; Ihmsen v. Ormsby, 32 Pa. 198 ; Everhart v. Shoemaker, 2 Walker, 158 ; Deshong v. Deshong, 186 Pa. 227 ; Holmes v. Fulton, 193 Pa. 270 ; Stickles v. Oviatt, 212 Pa. 219.

The court having acquired jurisdiction of the subject-matter

in controversy, and of the parties to the suit by the bill filed at No. 1141, December Term, 1903, such jurisdiction is exclusive, and jurisdiction cannot be obtained either by a new proceeding instituted in the same court or in another jurisdiction: Jennings v. Beale, 158 Pa. 283; Blood v. Dime Savings & Loan Co., 164 Pa. 95; Clad v. Paist, 181 Pa. 148.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1906:

We agree with the learned counsel of the appellant that "the record is in a peculiar state of confusion;" and it may be added that neither court nor counsel appears to have given attention to our equity rules nor to the well-settled practice in equity cases. They have disregarded both and it necessarily results in confusion, in delays in the disposition of the cause, and in expense to the litigants.

This was a bill filed by Mary A. Love against John W. Robinson and Andrew L. Robinson for the partition of certain real estate in Allegheny county held by the parties as tenants in common. It is averred that the plaintiff is the owner of the undivided one-half, and each of the defendants of the undivided one-fourth of the real estate, and "that the parties to this bill are all and the only parties having any interest or estate in the realty hereinbefore mentioned and described." It prays for the partition, (1) of a lot of ground in the second ward of Allegheny city; and (2), (3) and (4) of certain ground rents charged on three several lots of ground in the first ward of the city of Pittsburg. In the fourth paragraph of the bill it is averred that at No. 1141, December Term, 1903, of the court in which this bill was filed, John W. Robinson filed a bill against Andrew L. Robinson, William R. Park, now dead, and Mary A. Love, the plaintiff here, for the partition "inter alia, of an undivided one-third part of the lands and tenements described in this bill." Mary A. Love is, as the bill avers, the sole heir of William R. Park, and his interest, the undivided one-fourth, in the real estate, vested in her at his death. It therefore appears by the averments in the plaintiff's bill that (1) the parties to the two bills are essentially the same and that they are the only parties having any interest in the real estate; and (2) that the bill filed by John W. Robinson at No. 1141, December Term, 1903, was for the partition

of an undivided one-third of the property included in the present bill.

To this bill the defendants filed what they call a "plea in abatement;" but in the body of the plea they "plead in bar and abatement" the several matters set forth in the plea. Simultaneously with the plea, the defendants filed also a demurrer to the bill and set forth as cause of demurrer that "it appears from said bill of complaint that this honorable court had already acquired jurisdiction of the subject-matter thereof and of the parties thereto, and said bill is improperly brought." The next step in the proceeding was a motion filed by the plaintiff to strike off the plea. The court seems to have made no formal order on this motion, but, on the day subsequent, the record shows the following: "June 14, 1905, on equity argument list and plea overruled by filing demurrer and demurrer sustained." Ten days thereafter, the record shows the entry of a final decree as follows: "And now, to wit, June 24th, 1905, this matter came on for hearing on amended bill of complaint filed, and demurrer thereto, and was argued by counsel, and upon consideration thereof the said demurrer is sustained and the said bill of complaint is dismissed at the cost of complainant."

The plaintiff has taken this appeal and alleges that the court erred "in decreeing that the plea was overruled by filing demurrer and demurrer sustained," in sustaining the demurrer, and in not striking off the plea.

It will be observed from the form of the decree that in the final disposition of the case the plea was disregarded and the case was determined on the bill and demurrer. It is sufficient to say without any discussion that there is no authority whatever in our equity rules nor in the well-settled equity practice to sustain the court's position that the demurrer overruled the plea. We will, however, not consider the assignment involving that question nor the assignment alleging error in not striking off the plea, as the case was heard and determined below solely on the bill and demurrer. Upon the issue thus made, we will determine this appeal, which will require the reversal of the decree; and when the record is remitted the trial court can, if further proceedings be taken, compel the parties in their pleadings to conform to equity practice.

As the learned trial judge filed no opinion on sustaining the demurrer, we do not know the reasons for his action. We are unable, after a most careful consideration of the record, to discover any ground on which to sustain the decree. The learned counsel for the appellees have attempted to support the conclusion of the court on two grounds: (1) " The bill of complaint was bad because it did not include all the property owned by the tenants in common; " and (2) " the court having acquired jurisdiction of the subject-matter in controversy and of the parties to the suit by the bill filed at No. 1141, December Term, 1903, such jurisdiction is exclusive, and jurisdiction cannot be obtained either by a new proceeding instituted in the same court or in another jurisdiction. "

The decree cannot, as we think, be sustained on either of these propositions. The learned counsel have wholly overlooked the fact that the case was not heard on a plea or answer which discloses the facts they allege, but upon a demurrer which does not, and could not, set up the facts the counsel contend sustain the decree of the court. It is true the plea filed by the appellees alleges that the bill did not include all the property held in common by the parties, but the learned judge below should not have considered that fact, if it were a fact, on the demurrer. The bill itself did not disclose the fact, and showed nothing more than that the parties were the owners of the property described in it. There is not a single averment nor line in the bill that shows that the parties were the owners in common of any other realty than that set out in the bill. It is therefore manifest that the facts disclosed by the record do not sustain this position of the appellees.

The other reason assigned in support of the decree is equally untenable and without merit, as an inspection of the record clearly shows. The court did not acquire jurisdiction of the subject-matter of the plaintiff's bill when the prior bill was filed at No. 1141, December Term, 1903, as the appellees contend. That is simply an assertion with no facts on the record to support it. The present bill avers that the parties are tenants in common of certain real estate, fully described therein, and sets out the proportion in which they severally hold it. The prior proceeding at No. 1141, December Term, 1903, is then referred to and it is alleged that the bill was filed for the

partition " inter alia, of an undivided one-third part of the lands and tenements described in this bill, said undivided one-third of said lands and tenements being the portion of the same derived, under the intestate laws of the commonwealth of Pennsylvania, from James D. Robinson, a deceased uncle of the said parties. " Hence it is apparent from the allegations of the present bill that the prior bill included but an undivided one-third of the realty embraced in this bill and held in common by the parties to the proceeding. The court, therefore, had not previously, as contended by the learned counsel of the appellees, " acquired jurisdiction of the subject-matter " of the present bill. And it may be suggested in this connection that, on the numerous authorities cited by the learned counsel of the appellees, the prior bill would be bad on demurrer if, as alleged, it prayed for the partition of only the undivided one-third interest of the lands held in common by the parties.

The learned court was, therefore, in error in sustaining the demurrer and the decree must be reversed and a procedendo awarded. The record will go back to the court below, which will require the pleadings to conform to our equity rules and the equity practice. If the present bill does not embrace all the real estate held in common by the parties, as alleged by the appellees, and this fact is made to appear by proper pleadings, it is not clear how the appellant can succeed in the final disposition of the cause. It appears from the appellant's admissions that the prior bill, filed at No. 1141, December Term, 1903, by John W. Robinson, has, by leave of court, been amended so as to include all the real estate owned in common by the parties to this bill. If, therefore, an attempt is made to amend the present bill, the appellant will be met with the objection that there is now pending between the same parties, in the same court, a bill which embraces all the realty held in common by the parties. It is therefore not apparent, as suggested above, that the reversal of the decree of the trial court in this proceeding will ultimately avail the appellant or enable her to have the lands partitioned on her bill of complaint.

While, on the pleadings, we must reverse the decree below, we do so with regret, as it may delay the division of the property with no apparent benefit to any of the interested parties,

The trial court should facilitate the speedy disposition of both bills filed for the partition of the property so that the rights of the parties may be adjudicated without further delay.

The decree of the court below sustaining the demurrer is reversed with a procedendo.