## Long et al. v. Stout.

*Gregg & Gregg*, for plaintiffs; *Kline & Kline*, for defendant.

WHITTEN, J., Oct. 14, 1927.—The Practice Act of May 14, 1915, P. L. 483, is not applicable to actions of ejectment.

The procedure in actions of ejectment is regulated by the Act of May 8, 1901, P. L. 142. Section 2 of the said act, as amended by the Act of June 12,

1919, P. L. 478, provides that the issue in actions of ejectment shall consist of the plaintiff's statement and the defendant's plea and answer. The said act also provides that: "The court may, on rule, enter such judgment on the pleadings in favor of either party as it may appear to the court the party is entitled to."

In the instant case, the defendant did not enter a rule on the plaintiffs for judgment and presented no motion asking the court to enter judgment in his favor. Without stating any reason therefor, the learned counsel for the respective parties simply handed to the court the pleadings, together with briefs *pro* and *con*. The cause is, therefore, not before the court for adjudication: Smith *v.* Miller, 289 Pa. 184.

However, if the defendant had entered a rule for judgment in accordance with the said act of assembly, the court would be constrained to hold that, under the pleadings, the defendant is not entitled to judgment in his favor.

"Where a doubt exists as to a party's right to summary judgment, it should always be resolved against entering the judgment:" Franklin Sugar Refining Co. *v.* Lykens Mercantile Co., 274 Pa. 206.

In their declaration filed the plaintiffs suggest James Thompson as the common source of title, and set forth an alleged copy of the will of said Thompson, wherein it appears that the plaintiffs are named as devisees of the land in dispute.

In his abstract of title the defendant denies that James Thompson is the common source of title, and also denies that the alleged copy of James Thompson's will attached to the plaintiffs' declaration is a true and correct copy of said will. However, the defendant in his abstract of title [answer] admits that James Thompson is the common source of title.

Looking only at the plaintiffs' declaration, the court cannot authoritatively conclude that the plaintiffs have no title to, or right of possession of, the said land. It does not there appear that Eliza Thompson, widow of James Thompson, deceased, sold the land in question to any person. Eliza Thompson died June 14, 1925. True, the defendant in his answer avers a sale of said land by Eliza Thompson, the testator's widow, to the defendant's predecessors in title. However, the court upon a rule by defendant for judgment may not assume the truth of the averments contained in the defendant's answer, unless such averments are also incorporated in the plaintiffs' declaration.

The statute does not require the plaintiffs to file a replication to the defendant's answer. On a rule by the defendant for judgment, the allegation of the conveyance of the land in dispute by the testator's widow to the defendant's predecessors in title is to be treated as a speaking demurrer: Pew *v.* Minor, 216 Pa. 343; Love *v.* Robinson, 213 Pa. 480.

In other words, the defendant merely states that he purchased the land in dispute from one who had purchased the same from Eliza Thompson, widow of James Thompson, deceased; and then, without affording the plaintiffs any opportunity of making answer thereto, asks the court summarily to enter judgment in his favor. This, the court has not the power to do.

Under the circumstances disclosed by the record, there is no question before the court for adjudication.

And now, Oct. 14, 1927, after argument by counsel and upon due consideration, it is ordered that the pleadings in this case be returned to the proper files in the prothonotary's office, there to remain until the case shall come before the court in due course.

From William S. Rial, Greensburg, Pa.