## R. K. O. Dist. Corp., Appellant, v. Shook.

384

Argued November 22, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Frank Fogel,* and with him *W. M. Rosenfield,* for appellant.

*David J. Fanning,* for appellee.

OPINION BY PARKER, J., March 3, 1933:

The plaintiff and defendant entered into four written contracts in the same form whereby the plaintiff agreed to furnish, and the defendant agreed to receive for exhibition purposes, certain films described in the agreement, and pay for the same a fixed price. The defendant took and paid for a portion of the films and declined to take the balance, whereupon an action in assumpsit was brought to recover the contract price for the films which the defendant did not accept. A statement of claim was filed, and this was followed by an affidavit of defense raising questions of law. The printed record does not disclose the nature of the legal defense, but that motion was refused and the defendant filed an affidavit of defense on the merits, admitting all of the facts, with which we are concerned, as set forth in the statement of claim, and further alleged that each of the contracts was made as the result of a conspiracy in restraint of interstate commerce and therefore illegal. He more specifically averred that the contracts were in direct violation of the Sherman Anti-Trust Act, an act of Congress approved July 2, 1890, and as a result thereof, were void.

Plaintiff moved for judgment for want of a sufficient affidavit of defense, and the parties entered into a stipulation as follows:

"For the purpose of expediting the decision and ultimate disposition of the above case, counsel for the plaintiff and defendant stipulate that the court may

consider the following in connection with the statement of claim and the affidavit of defense in the final decision upon the plaintiff's rule for judgment for insufficient affidavit of defense.

"1. The printed form of the contract in this case is identical with the Standard Exhibition Contract discussed in the case of Paramount Famous Players Lasky v. the United States, 282 U. S. 30-51 Advance Reports 42 and Clause 18 of this contract is identical with Clause 18 thereof.

"2. If the court shall find that the plaintiff may recover legally upon said contract, notwithstanding clause 18, then judgment shall be entered for the plaintiff for the amount claimed, otherwise for the defendant.

"3. Both parties reserve the right to appeal from the decision of the court in the above case."

The lower court entered judgment for the defendant, and from this action the plaintiff has appealed, assigning as error the entering of the judgment and the refusal to enter judgment for plaintiff for want of a sufficient affidavit of defense.

We are all of the opinion that the lower court fell into error by assuming that the stipulation referred to amounted to an agreement "that all the facts existing in the case of Paramount Famous Players Lasky Corp. v. United States, 282 U. S. 30, 51 Supreme Court Reporter 42, shall [should] be considered by the court as agreed upon in this case." A reference to the stipulation will show that there is nothing therein to warrant the assumption that the facts in the instant case are the same as those in the Paramount case. All that was stipulated with relation to the similarity in the cases was that an identical form of contract was used in both cases.

In the opinion of the lower court, it was stated that it was understood that the parties, by the stipulation,

intended to agree that all the facts existing in the Paramount case should be assumed to be present in the instant case. In the oral argument and in the printed brief, counsel for the plaintiff took exception to the understanding of the lower court with relation to the facts, and while the appellee notices this statement in his brief, he does not make any satisfactory answer to the plaintiff's contention. Neither the lower court nor this court can take judicial notice of the records in another and different case either in its own courts or in other courts: Steel v. Levy, 282 Pa. 338, 342. Hence, we must take the written stipulation as the basis for our conclusions, and this limits us to a consideration of the statement of claim and affidavit of defense with the bare admission that the forms of contract in this case and the Paramount case are identical.

The difficulties that are presented as a result of this situation were recognized by the lower court in its opinion, when it was said: "When the instant case was first argued, we suggested to counsel for plaintiff and defendant, that on the pleadings in the case, the court could not determine whether the defense set up should be sustained or not and suggested that in order to avoid the expense of establishing the facts, which were established in the case of Paramount Famous Lasky Corporation et al. v. United States, ...... long after the contract in question was executed, that counsel should stipulate of record that the facts established in that case should be considered as agreed to in this case, whereupon the court could render a decision that would save the expense of a long and tedious trial, and for that purpose, the stipulation above referred to, was made, and filed of record in the case." In the Paramount case, there was evidence independent of the so-called uniform agreement showing an illegal combination of producers and distributors contrary to the provisions of the Sherman Act. We

quote from the opinion in that case (p. 44): "The record discloses that ten competitors in interstate commerce, controlling 60 per cent. of the entire film business, have agreed to restrict their liberty of action by refusing to contract for display of pictures except upon a standard form, which provides for compulsory joint action by them in respect of dealings with one who fails to observe such a contract with any distributor, all with the manifest purpose to coerce the exhibitor and limit the freedom of trade." It was the use made of the contract under the particular facts proved that was condemned by the United States Supreme Court, rather than any inherent vice in the form of the arbitration agreement. We, however, recognize the fact that the form of the arbitration paragraph contributed to the effecting of the purposes of the unlawful combination.

The Paramount case affirmed the decree of the district court, reported in 34 Fed. (2nd) 984, and reference to that report will show (p. 989): "Nothing that has been said should be taken in derogation of the right of trade or commercial groups, or of traders generally, to voluntarily impose upon themselves standard forms of agreement which do not unduly restrict competition and thus restrain trade, or to agree that all controversies arising between them shall be settled by arbitration. Such agreements dealing only with the rights of those who execute and intend to be bound by them are normal and usual, and are proper instruments in the lawful conduct of trade. It is only when such agreements are sought to be imposed upon others, regardless of their wishes, by coercive combinations having the power to say 'Take what is offered or get nothing,' that they become illegal."

Here we have no allegation or admission that the plaintiff in this case was a party to the Paramount case or was bound by or acting in violation of the decree in that case. Neither is there an admission

that the plaintiff was associated with any other person or corporation in any way that affected its relations to the defendant or the public or so as to accomplish an unlawful combination. We have not any knowledge of the practices of the trade or information that would enable a court to give any special significance to the use of trade terms in the uniform contract and so enable us by bare inspection of the agreement to infer a violation of the Sherman Act. The judgment for defendant cannot be sustained.

Taking into account the reasoning and conclusions of the Supreme Court in the Paramount case, and the stress laid on the provisions of the 18th paragraph of the uniform contract by that court, the assumption that the facts produced in the federal case were present in the instant case would have amounted at least to an admission that the 18th paragraph was void, and left for the decision of the court the question whether this paragraph might be eliminated and the balance of the contract enforced. The lower court, in an able opinion, discussed the question as to whether the paragraph with relation to arbitration might be eliminated, and concluded that it could not. The question is an interesting one, but we are of the opinion that it cannot be disposed of in fairness to either party until the facts are developed.

There remains for our consideration the question whether judgment should be entered for the plaintiff. The plaintiff, while not admitting that the contract is illegal, presents as his chief arguments two propositions: (1) assuming that the arbitration clause is the only portion of the uniform agreement which is illegal and void, this clause may be eliminated and the balance of the agreement enforced; (2) the allegations of the affidavit of defense with reference to conspiracy, unlawful combination, and acts in restraint of interstate commerce are mere conclusions of law.

As to the first contention, it is sufficient to say

that plaintiff is confronted with the same difficulty as the defendant, for without some further facts, a court cannot determine the legal effect of the arbitration agreement. This, to our minds, is the gist of the whole case. In other words, the right to treat the contract as divisible, eliminate one section, and enforce the balance depends upon the facts of the case, including the attendant circumstances.

As to the second contention, there is some merit. Paragraphs 14 and 15 of the affidavit of defense are statements of legal conclusions, and the form of the affidavit would in many cases have justified the court in entering judgment against the defendant. We are of the opinion, however, that a different situation is presented here. The parties, at the suggestion of the court, to conserve time and avoid a long jury trial, entered into a stipulation which was evidently misunderstood by the court and the defendant. In fact, we cannot entirely justify plaintiff's position. The entire argument of plaintiff suggests that the court and counsel for defendant were allowed to assume that facts were admitted which were not. It may be that this arises because of the endeavor of the counsel for the plaintiff rather to answer the contentions of the court than to follow an independent line of argument. Be this as it may, the matter was considered under a misapprehension, and we have a situation very similar to that where a case is tried, with the acquiescence of the court, on an incorrect theory by both plaintiff and defendant. In such cases, new trials, even after a verdict by a jury, have frequently been granted. While the immediate question arises on a motion for judgment for want of a sufficient affidavit of defense, the proceeding was so modified that it consisted rather of an agreement as to the facts with the stipulation that the court should dispose of the matter on such agreement.

We are all of the opinion that the judgment entered

should be reversed and the record remitted to the lower court for further proceedings, and that an opportunity should be given to the defendant to amend his affidavit of defense.

Judgment of the lower court is reversed with a procedendo.

Argued November 22, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Frank Fogel,* and with him *W. M. Rosenfield,* for appellant.

*David J. Fanning,* for appellee.