Naffah, Appellant, *v.* City Deposit Bank et al.

Argued March 27, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Samuel Avins,* for appellant.

*Charles Denby,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellee.

OPINION BY MR. JUSTICE BARNES, May 6, 1940:

Plaintiff's wife, who was the owner of three adjoining tracts of land in the City of Pittsburgh, executed in the years 1924 and 1925 a series of four mortgages on the various tracts, which were held by the City Deposit Bank as collateral security for plaintiff's indebtedness to it. Plaintiff filed the present bill in equity against defendant, The Union Trust Company of Pittsburgh, liquidating trustee of the City Deposit Bank and Trust Company (formerly the City Deposit Bank), seeking to obtain credits upon his indebtedness because of alleged improper dispositions made by the Bank of these mortgages. Plaintiff asked for an accounting of alleged overpay-

ments to the Bank, and for general relief. The bill sets forth at length a series of transactions between plaintiff, the Bank, and third parties, which need not be detailed herein, as the controlling issue on this appeal is one principally of procedure.

Defendant filed an answer and an amended answer, raising preliminary objections, and moving the court to dismiss the bill on the ground that the matters therein alleged are res adjudicata. Although the answer contains a statement, as provided by Equity Rule 48 (7), that the defendant has "a full and complete defense to plaintiff's claim, which does not require the production of evidence to sustain it," it further avers that the claim asserted is in substance identical with that involved in three prior proceedings, in the same court, each instituted under the following caption: "Lymia Naffah v. William B. Secrist and City Deposit Bank and Trust Company, Common Pleas Court of Allegheny County, October Term, 1930." Attached to the answer is a copy of the docket entries of the three proceedings. The court in banc took judicial notice of the records in the cases referred to, and being of opinion that they were conclusive of all of the matters set forth, sustained the objections and dismissed the bill. This appeal by plaintiff followed.

The procedure pursued in the court below was clearly erroneous. The provisions of Equity Rule 48 (7), providing for the raising of preliminary objections, are to be construed in the same manner as are the provisions of the Practice Act of May 14, 1915, P. L. 483, for preliminary objections to the statement of claim, and the question to be decided upon such objections is whether, under the facts averred in plaintiff's pleading, it appears as a matter of law that he is not entitled to recover: *Gray v. Phila. & Reading Coal & I. Co.*, 286 Pa. 11. As in the case of a common law demurrer, the court's inquiry must be limited strictly to the legal questions raised by the bill, and the answer may not set forth as grounds

for dismissal facts which are not alleged in the initial pleading: *Love v. Robinson,* 213 Pa. 480, 483; *Long v. Metzger,* 301 Pa. 449, 455. "Any demurrer, not founded upon averments of the statement, is a speaking demurrer, which from the earliest days has been held to be bad . . . and is still so held": *Steel v. Levy,* 282 Pa. 338, 341.

It is well established that a court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court: *Steel v. Levy,* supra; *R. K. O. Dist. Corp. v. Shook,* 108 Pa. Superior Ct. 383, 387; *Walter v. Baldwin,* 126 Pa. Superior Ct. 589, 596. It follows that unless the circumstances relied upon to sustain a plea of res adjudicata appear from the allegations of the bill itself, this question may not be raised by way of preliminary objection. In *Steel v. Levy,* supra, it is said (p. 342): "Hence the only way to dispose of the question of res adjudicata, when the facts are not admitted, is at the trial of the case, when, upon a consideration of the record of the prior judgment offered in evidence, *and of any extrinsic evidence which may be produced in order to show exactly what questions were raised and adjudicated in that proceeding*\* . . . the court, aided by the jury, if there is a material dispute, will then determine whether or not there can be a recovery in the new action." See also *Vondersmith v. Urban,* 108 Pa. Superior Ct. 103. The same considerations require that a similar rule be enforced in proceedings in equity.

The decree of the court below is reversed, and the record is remitted for further proceedings consistent with this opinion. Costs to abide the final decree.

---

\* Italics supplied.