**Lock Haven Hospital v. Irvin**

*Robert H. Lugg,* for plaintiff.
*Larry E. Coploff,* for defendants.

BROWN, *P.J.,* October 18, 1986—On December 1, 1983, Charles J. Irvin conveyed real estate to defendant Gregg D. Irvin. Plaintiff medically treated Charles J. Irvin throughout the year 1984. Charles J. Irvin died on December 17, 1984 and defendant Carl E. Irvin is the executor of his estate. Plaintiff seeks to recover $6,600 from defendant executor as the value of the services provided to Charles J. Irvin. Plaintiff alleges that decedent's transfer of real estate on December 1, 1983 was a fraudulent conveyance and asks the court to exercise its equitable powers to declare the deed in that transaction void, to prevent defendant Gregg D. Irvin from conveying or encumbering those premises and to order *that* defendant reconvey the premises to the executor. Defendants agree that Charles J. Irvin received services from plaintiff. However, they assert that the estate is insolvent; therefore, the rules of priority in the Probate, Estates and Fiduciaries Code along with the amount of estate assets, dictate the liability of the estate and its executor to plaintiff. Defendants deny plaintiff's statement that Charles J. Irvin's transfer of real estate was motivated by his

belief that he would incur debts beyond his ability to pay. Defendants also assert that plaintiff is barred from seeking its desired equitable relief because it did not commence this action within one year of the death of Charles J. Irvin as required by 20 Pa.C.S. §3532. Defendants filed a motion for judgment on the pleadings seeking to have the complaint in equity (Count II) dismissed because of plaintiff's failure to properly preserve its claim against the real estate of Charles J. Irvin.

Plaintiff contends that Charles J. Irvin's transfer of realty was a fraudulent conveyance as defined by 39 P.S. §356, which states:

"§356.  Conveyances by a person about to incur debts.

"Every conveyance made and every obligation incurred without fair consideration, when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors." Plaintiff's requested equitable relief would make that real estate available to pay plaintiff for its services by bringing the property into the Irvin estate.

In its answer to new matter, plaintiff alleges that it gave notice of its claim against the estate to the estate's personal representative on May 17, 1985. This notice, in the form of a letter to Carl E. Irvin, executor, purported to be written notice under §3384 of the Probate, Estates & Fiduciaries Code.

"§3384.  Notice of claim.

"(a) Written Notice. — Written notice of any claim against a decedent given to the personal representative or his attorney of record before the claim is barred shall toll the statute of limitations.

(b) Acts equivalent to written notice. — Any of the following acts by a claimant shall be equivalent

to the giving of written notice of a claim to the personal representative:

(1) Instituting proceedings to compel the filing of an account.

(2) Bringing an action against the personal representative in any court having jurisdiction of the claim and having the writ or pleading duly served on the personal representative.

(3) Substituting the personal representative as a defendant in an action pending against the decedent.

(4) Receiving a written acknowledgment by the personal representative or his attorney of record of the existence of the claim." Plaintiff filed its complaint on March 13, 1986.

Plaintiff's brief suggests that a citation and petition which it filed with the clerk of the orphans' court, stating that plaintiff was a creditor of the estate, satisfies the notice requirements of 20 P.S. § 3532, which states:

"§ 3532. At risk of personal representative

"(a) Rights of claimants against personal representatives — A personal representative, at his own risk and without the filing, audit or confirmation of his account, may distribute real or personal property and such distribution shall be without liability to any claimant against the decedent who has not given notice of his claim as provided by this code within one year after the first complete advertisement of the grant of letters to such personal representative or thereafter but prior to such distribution.

"(b) Rights of claimants against distributed property. —

"(1) Personal property. No claimant shall have any claim against personal property distributed by a personal representative at his own risk pursuant to subsection (a) hereof, unless such claimant has giv-

en notice of his claim to the personal representative as provided by this code within one year after the first complete advertisement of the grant of letters, or thereafter but prior to such distribution.

"(2) Real property.  No claimant shall have any claim against real property conveyed by a personal representative in distribution at his own risk pursuant to subsection (a) hereof, unless such claimant, within one year after the decedent's death, files a written notice of his claim with the clerk. Such claim against real property shall expire at the end of five years after the decedent's death, unless within that time the personal representative files an account or the claimant files a petition to compel an accounting.

"(3) Liens and charges existing at death. Nothing in this section shall be construed as affecting any lien or charge which existed at the time of the decedent's death on his real or personal property."

However, the fact that a citation and petition were filed with the clerk of the orphans' court was not pled by plaintiff; the first mention of it was made in its brief responding to defendant's motion for judgment on the pleadings. Plaintiff asks the court to take judicial notice of plaintiff's citation and petition. Plaintiff argues that the court may take notice of documents which are on public record, citing Reese v. Moshannon Coal Company, 7 D.&C. 3d 743 (1977). In the Reese case the court took judicial notice of documents filed with respect to a tax sale where that tax sale had been pleaded. The general rule advanced by defendant restricts the court from taking judicial notice in one case of the records of another, even though the content of those records may be known to the court, when the records or the acts which those records pertain to have not been pleaded. Callery v. Blythe Township, 432 Pa. 307,

243 A.2d 385 (1968); Naffah v. City Deposit Bank, 339 Pa. 157, 13 A.2d 63 (1940); Chorba v. Davlisa Enterprises Inc., 303 Pa. Super. 497, 450 A.2d 36 (1982). There are some exceptions to this rule, such as in divorce cases where the state has an interest in the outcome of the action. The only notice which plaintiff pleaded in this case was the letter to the executor dated May 17, 1985. The court will not take judicial notice of the record in the orphans' court when the filing of that citation and petition were never pleaded by plaintiff.

As an aside, the court notes that plaintiff's characterization of defendant's motion for judgment on the pleadings as a 'speaking' demurrer is incorrect and its discussion of the defects of a speaking demurrer is inapplicable to this case. Defendants did plead the one-year statutory-limitation defense in their answer to new matter; it was not a defense which was mentioned for the first time in their motion for judgment on the pleadings. While defendants did not specifically aver that plaintiff had not filed notice with the clerk of the orphans' court within one year, they did aver that plaintiff failed to initiate its action within one year of decedent's death. This allegation by implication asserts that plaintiff failed to take any action to extend the one-year limitation.

Plaintiff asserts that it is not required to file a notice of its claim against the estate pursuant to §3532 because the estate never distributed or owned any real property. Plaintiff argues that §3532 would not apply to this situation where it is seeking judgment against realty conveyed by decedent rather than by the personal representative of his estate. However, plaintiff views Charles J. Irvin's transfer of land to Gregg D. Irvin as a fraudulent conveyance. Defend-

ants point out that were the conveyance fraudulent, the title from the standpoint of the creditor remains in the grantor. Defendants support this position with the reasoning found in Tate v. Hoover, 345 Pa. 19, 26 A.2d 665 (1942), a case which dealt with the Fiduciary Act of 1917, which has since been repealed. Under that act an unsecured creditor was protected by a one-year lien against real estate of decedent, which ran from the date of death. To extend the lien period the creditor had to commence an action to recover within that time. Plaintiff in Tate, a general creditor of decedent, did not comply with the statutory requirements. Because he did not begin an action to recover his debt within one year of decedent's death, he lost the lien which he may have had against the debtor's realty. The court would not allow plaintiff to then proceed in equity to have decedent's conveyance set aside as fraudulent stating that:

"Had decedent retained the property in question and died possessed thereof, it is clear that plaintiff would not now have any power to realize therefrom. Its failure to comply with the statute would be fatal to successful prosecution of its claim. The question is not whether the death of the grantor cut down plaintiff's rights and remedies against the land, but whether the fact that the debtor had conveyed her property inter vivos can vest in plaintiff rights in respect to that land which admittedly it would not have had if the debtor had not so conveyed it. Plaintiff's remedy by suit in assumpsit, properly indexed and prosecuted to judgment, followed by sale of the land to pay the indebtedness, is no longer available. To hold that it may now proceed by bill in equity to accomplish the same result would be to defeat the purposes of section 15(a) above cited. That section

and the prior acts of assembly on the subject are statutes of repose and not merely of limitation. . . . A creditor's rights against real estate alleged to have been fraudulently conveyed by a debtor-decedent in the latter's lifetime can certainly rise no higher than its rights against any realty of which the debtor might have died possessed." Tate v. Hoover, supra, at 39.

Although the Tate decision interpreted an act which is no longer in effect in Pennsylvania, the logic applied in that case sheds some light on the facts of this case. Plaintiff asks the court to consider that the real estate conveyed by Charles J. Irvin on December 1, 1983 should now become a part of his estate. If plaintiff considers this land to be part of the estate, it should have filed notice in accord with the section of the Probate, Estates and Fiduciaries Code enabling creditors to preserve claims against realty distributed by the estate.

If the transfer in this case was fraudulent, title from the point of view of plaintiff remained in Charles J. Irvin, who died on December 17, 1984. Plaintiff had a one-year lien on the real estate and in order to extend that lien must have filed written notice of its claim with the clerk of the orphans' court within that year. The pleadings reveal no notice filed in accordance with §3532 of the Probate, Estates and Fiduciaries Code. Plaintiff argues that Tate v. Hoover is inapplicable to this section of the code and to this set of facts.

Plaintiff alleges that written notice under section 3384 was given to the personal representative, and therefore the statute of limitations was tolled. The letter to the executor dated May 17, 1985 is sufficient notice to preserve plaintiff's claim for payment and certainly tolled the statute of limitations with

respect to its cause of action at law, seeking remuneration for medical services from an estate containing no real property. It is not sufficient notice to the executor that plaintiff considers a valuable piece of realty to be within the estate and that it seeks to recover the cost of its services to decedent by demanding equitable relief with regard to that real estate. This notice would be important to a personal representative or executor administering an estate which contained no real property, as the knowledge that a substantial piece of real estate may be part of the estate could affect his administration and proposed distribution. Based on the discussion above, the court would find that written notice under § 3532 is necessary to preserve plaintiff's claim for equitable relief against the property conveyed by decedent to Gregg D. Irvin.

Plaintiff has not alleged the filing of any written notice sufficient to satisfy the requirements of section 3532 of the Probate, Estates and Fiduciaries Code. At oral argument, plaintiff argued that such a notice had indeed been filed with the clerk of the orphans' court, but this court is constrained to hold that it may not take judicial notice of records of an act which has not been pled. Plaintiff's failure to allege that it preserved a claim against the real estate which it seeks to bring into the estate of Carl D. Irvin is fatal to its cause of action in equity.

## ORDER

And now, October 18, 1986 based upon consideration of the pleadings, defendant's motion, and arguments and briefs thereon, it is hereby ordered that the requested relief be granted and that plaintiff's complaint in equity be dismissed.