# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania       :
                                   :
        v.                         :    No. 1651 C.D. 2018
                                   :
Two Hundred and Four Dollars       :
($204.00) U.S. Currency, 1994      :
Green Toyota Corolla,              :
VIN #JT2EL43TXR045421,             :
1971 Blue Ford Thunderbird,        :
VIN #1Y84N128980,                  :
1996 Green Ford F-150 Pick-up Truck, :
VIN #1FTEX14N0TKA40441,            :
2004 Black Ford Explorer,          :
VIN #1FMDU74W44UB96807             :
                                   :
Appeal of: Allan Leslie Sinanan, Jr.  :    Submitted: February 6, 2024


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: March 7, 2024


Currently before the Court is Allan Leslie Sinanan, Jr.'s (Appellant) challenge to the Court of Common Pleas of Northampton County's (Common Pleas) April 9, 2018 order, through which Common Pleas granted in part and denied in part five

Petitions for Forfeiture (collectively Petitions) filed by Appellee Commonwealth of Pennsylvania (Commonwealth).[1] Upon review, we affirm.

## I. Background

This civil asset forfeiture matter has its genesis in Appellant's 2017 conviction in Common Pleas for a litany of drug trafficking-related offenses. During the summer of 2016, law enforcement in Northampton County began surveilling Appellant due to its suspicion that he was trafficking cocaine in the area. Common Pleas Op., 4/9/18, at 3. They then purchased drugs from Appellant several times through an informant, before ultimately arresting Appellant on November 4, 2016. *Id.* at 3-6. As recounted by Common Pleas:

> [Sergeant Vasa Faasuamalie, Task Force Officer with the Drug Enforcement Agency (DEA) and an officer with the Palmer Township Police Department, was] conducting surveillance [along with other law enforcement agents] on [Appellant] at his residence, 914 S. 25th Street, Easton, Pennsylvania. Officers observed [Appellant] exit his apartment, where[upon] he began loading items into the trunk of his Ford Thunderbird. Sergeant Faasuamalie (along with other officers from the task force) approached [Appellant] while [Appellant] was standing outside of [Appellant's] vehicle, announced his title, and asked [Appellant] if [Appellant] would speak with him. DEA Agent Joseph Labenburg was surveilling [Appellant] from across the street. As Sergeant Faasuamalie approached [Appellant], Agent Labenburg observed [Appellant] toss a black item toward a portico attached to the apartment building (a semi-enclosed porch area which leads to the entrance of [Appellant's] apartment building).
>
> [Appellant] refused to cooperate with Sergeant Faasuamalie, at which point he was detained and transported to the Palmer Township Police Department.

---

[1] On July 10, 2023, the Commonwealth filed a notice of non-participation with this Court, in which it stated that it "will be relying on the trial court record and will not be filing a brief in this matter." Notice of Non-Participation at 1.

Detective [Brett] Lear conducted a search of [Appellant,] which revealed approximately $200.00, three clear vials with red caps containing suspected cocaine, and four clear vials with green caps also containing suspected cocaine (Commonwealth's Exh. No. 7).

Agent Labenburg remained on the scene at [Appellant's] apartment, while Sergeant Faasuamalie obtained a search warrant to search [Appellant's] apartment, 914 S. 25th Street, Apartment C, Easton, Pennsylvania, and rental garages, located at 926 Miller Street, #G-18 and #G-19, Easton, Pennsylvania. A K-9 dog was also brought to the scene, where the dog "hit" (indicating the presence of drugs) on the enclosed porch area.

Sergeant Faasuamalie prepared an affidavit in support of an application for a search warrant, which was signed by Magisterial District Judge Jacqueline M. Taschner on November 4, 2016. Officers recovered the black item located in the enclosed porch area, which turned out to be a black, military-style jacket with hidden compartments. (Commonwealth's Exh. No. 4). Various items were hidden inside the jacket, including: vials recovered from within the jacket's sleeves (Commonwealth Exh. No. 8), 66.26 grams of marijuana (Commonwealth Exh. Nos. 9, 13), 61 Xanax pills (Commonwealth Exh. No. 14), 215 Oxycodone pills (Commonwealth Exh. No. 15), 47.55 grams of MDMA (Commonwealth Exh. No. 17), and 51.2263 grams of cocaine (Commonwealth Exh. Nos. 8, 11, 12, 16).

Also recovered within the jacket were various items, including plastic baggies, "cutting" materials (substances combined with the pure form of a drug to yield a larger amount), and a digital scale. (*See* Commonwealth Exh. Nos. 8-22, generally).

Common Pleas Op., 4/9/18, at 5-6 (cleaned up).

Appellant was consequently charged, in total, with eight counts of possession of a controlled substance with intent to deliver; eight counts of possession of a controlled substance; three counts of criminal use of a communication facility; one count of possession of drug paraphernalia; and one count of unlawful possession of

a firearm. *Id.* at 2. The Commonwealth then initiated multiple forfeiture actions against Appellant, by filing the aforementioned Petitions on March 18, 2017, pursuant to a since-repealed statute that was commonly known as the Controlled Substances Forfeiture Act (Forfeiture Act).[2] *Id.* at 9. Through these Petitions, the Commonwealth requested forfeiture of the following assets possessed by Appellant: $204.00 in United States currency; a 1994 green Toyota Corolla, VIN #JT2EL43TXR045421; a 1971 blue Ford Thunderbird, VIN #1Y84N128980; a 1996 green Ford F-150 Pick-up Truck, VIN #1FTEX14N0TKA40441; and a 2004 black Ford Explorer, VIN #1FMDU74W44UB96807. *Id.* at 1. Appellant was thereafter tried in September 2017, whereupon a jury convicted him on all charges and Common Pleas sentenced him to an aggregate carceral term of 11 to 22 years in state prison. *Id.* at 3-9.

With this conviction in hand, the Commonwealth pressed forward by continuing to pursue its Petitions, and a hearing was held thereon in Common Pleas on March 13, 2018. *Id.* at 9. As recounted by Common Pleas:

> At the forfeiture hearing, the Commonwealth's sole witness was Detective Lear. The Commonwealth conducted a direct examination of Detective Lear, after which [Appellant] cross-examined the witness. In addition to the trial testimony, Detective Lear's testimony established the following:
>
> During the August 3, 2016 controlled [drug] purchase at K-Mart, the police observed [Appellant] arrive at K-Mart in the 2004 black Ford Explorer. [Appellant] was observed exiting the Explorer, entering the store, and leaving the store's premises in the Explorer. During the forfeiture

---

[2] Former 42 Pa. C.S. §§ 6801-6802, repealed by the Act of June 29, 2017, P.L. 247. The current version of the Forfeiture Act is codified as 42 Pa. C.S. §§ 5801-5808, went into effect on July 1, 2017, and "substantially altered the [previously] existing burden-shifting scheme for civil *in rem* forfeitures[.]" *Com. v. $34,440.00 U.S. Currency*, 174 A.3d 1031, 1039 n.12 (Pa. 2017).

4

hearing, Detective Lear summarized the means by which the controlled purchase was conducted and also testified that the confidential informant provided him with cocaine purchased from [Appellant] on this occasion.

During the August 31, 2016 controlled purchase, also conducted at K-Mart, the police again observed [Appellant] arrive at the store in the black Ford Explorer. Additionally, Detective Lear testified that the controlled buy was conducted in a similar fashion to the previous controlled buys and that following the transaction, the informant provided the police with cocaine purchased from [Appellant].

Detective Lear's testimony at the hearing did not elicit any additional, relevant information regarding the instant forfeiture matter in connection with the August 17, 2016 controlled purchase.

Detective Lear also provided testimony regarding the November 4, 2016 arrest of [Appellant] and the subsequent search of [Appellant's] residence and garages. Specifically, Detective Lear testified the [Appellant] was arrested outside of his residence based upon three controlled purchases conducted on August 3, August 17, and August 31, 2016. A search incident to arrest revealed approximately seven vials of cocaine on [Appellant's] person, along with $204.00. A search warrant was subsequently issued for [Appellant's] residence and [the] two adjacent, detached garages which were being rented by [Appellant]. During the search of [Appellant's] residence, police recovered the [aforementioned] black, military-style jacket, which contained [the illicit substances mentioned above].

Police also searched the detached garages, wherein the 1994 green Toyota Corolla was parked. The 1996 green Ford F-150 Pick-up Truck was parked outside the garages. Detective Lear testified that Inositol powder, commonly used as a "cutting agent for narcotics, was also recovered from the garages.[8] A K9 search was conducted on the Toyota Corolla, Ford F-150, and the [b]lue Ford Thunderbird, which was parked directly outside [of Appellant's] residence. Detective Lear testified that the dog "did not hit" on the Toyota Corolla. He did not state

whether the K9 "hit" on the Ford F-150 or the blue Thunderbird.

> [8] Detective Lear did not specify from which garage the Toyota Corolla and Inositol powder were recovered.

> . . . .

> [Appellant's] cross-examination of Detective Lear consisted mainly of [Appellant's] attempt to discredit Detective Lear. Specifically, [Appellant] pointed out that Detective Lear was not the officer who saw [Appellant] remove the black jacket (containing a cache of narcotics) from the Thunderbird and toss it onto his porch. Detective Lear conceded this point.

> [Appellant] did not testify on his own behalf at the forfeiture proceeding.

Common Pleas Op., 4/9/18, at 10-12 (cleaned up).

On April 9, 2018, Common Pleas issued an order, in which it granted the Petitions with regard to the $204.00, the Explorer, and the Thunderbird, but denied the Petitions as to the Corolla and the F-150. This appeal followed shortly thereafter.

## II. Discussion

Appellant's arguments,[3] as articulated in his *pro se* brief, are somewhat difficult to parse, but we read them as presenting two distinct challenges to Common Pleas' ruling.[4] Appellant's primary assertion is that Common Pleas should have

---

[3] "In an appeal from a forfeiture proceeding, this Court reviews whether findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law. Our standard of review is deferential with respect to the trial court's findings of fact. Whether the evidence, as a whole, is sufficient to support a legal conclusion is a question of law. Our scope of review over questions of law is plenary." *Com. v. 1997 Chevrolet*, 106 A.3d 836, 847 (Pa. Cmwlth. 2014) (citations omitted).

[4] We note that "[u]nder Pennsylvania law, *pro se* [litigants] are subject to the same rules of procedure as are represented [litigants]. Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be

**(Footnote continued on next page…)**

6

denied the Petitions in full, due to the following: first, his November 4, 2016 arrest was unlawful and constitutionally infirm, in that it was done without a warrant in the absence of exigent circumstances or probable cause that a crime had taken or would take place; second, the related search warrants were issued illegally and in violation of his constitutional rights, because they were not premised upon affidavits that established probable cause that drugs would be discovered at his residence and/or garages, and they did not list for seizure the four automobiles the Commonwealth sought through their Petitions. Appellant's Br. at 5-12. In the alternative, Appellant claims that Common Pleas should have denied the Petitions with regard to the Thunderbird, as the Commonwealth failed to establish that this vehicle was an instrumentality of his criminal activities, thus rendering the Thunderbird's forfeiture an unconstitutionally excessive fine under the Eighth Amendment of the United States Constitution[5] and article I, section 13 of the Pennsylvania Constitution.[6] *Id.* at 3-5, 10.

Appellant's main argument is invalid, for two intertwined reasons. First, he made virtually the same assertions regarding his arrest and the related search warrants during the course of his criminal case, which were rejected by both Common Pleas and the Superior Court. *See Com. v. Sinanan* (Pa. Super., No. 578 EDA 2018, filed Jan. 23, 2019) 2019 WL 290685. Second, it challenges the very basis of his arrest, as well as the legality of law enforcement's efforts to obtain incriminating evidence. As such, this argument is nothing more than an

---

expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed [therein]." *Com. v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (citation omitted).

[5] U.S. CONST. amend. VIII.

[6] PA. CONST. art I, § 13.

7

impermissible attempt to use this civil proceeding as a mechanism to collaterally attack Appellant's criminal conviction. *See Barros v. Martin*, 92 A.3d 1243, 1252 (Pa. Cmwlth. 2014) (Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546, is sole legally valid mechanism by which a litigant may collaterally attack their criminal conviction); *Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011) (same); *In re One 1988 Toyota Corolla (Blue Two-Door Sedan) Pa. License TPV 291*, 675 A.2d 1290, 1295 (Pa. Cmwlth. 1996) (cleaned up) ("Where property has been declared forfeitable under a criminal or quasi-criminal statute, the nature of the forfeiture proceeding itself is nevertheless in rem and is, therefore, a civil proceeding. Accordingly, proceedings under the Forfeiture Act are not criminal proceedings as such; instead, they are civil in form, but quasi-criminal in character.").

Appellant's alternate argument fares no better, albeit for a different reason. Though Appellant now seeks to challenge Common Pleas' ruling regarding the Thunderbird on the basis that this vehicle's forfeiture violates the constitutional prohibition against excessive fines, he failed to do so when this matter was before Common Pleas. Indeed, the record reflects that Appellant did not raise this issue in his response to the Petitions, during the course of the March 13, 2018 hearing, or in his post-hearing brief. Accordingly, we are constrained to conclude that he has waived this issue. *See* Pa. R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

### III. Conclusion

In accordance with the foregoing analysis, we affirm Common Pleas' April 9, 2018 order.[7]

_____
ELLEN CEISLER, Judge

---

[7] We are nevertheless dismayed by Common Pleas' lax treatment of the Commonwealth's evidentiary burden. "It is well established that a court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court." *Naffah v. City Deposit Bank*, 13 A.2d 63, 64 (Pa. 1940). In this instance, Common Pleas presided over Appellant's criminal case and the subsequent forfeiture proceeding. *See* Hearing Tr., 3/13/18, at 62; *Sinanan*, *supra*. However, the Commonwealth failed to formally seek admission of the criminal case's record as evidence at the March 13, 2018 forfeiture hearing. *See* Hearing Tr., 3/13/18, at 62. Common Pleas nevertheless decided to take judicial notice of that record, and appears to have predicated large parts of its adjudication of the Petitions on the contents thereof, as well as upon its own recollection of what had transpired during the course of the criminal case. *See* Hearing Tr., 3/13/18, at 62; Common Pleas Op., 4/9/18, at 2-18. Though we are without the ability to remedy this mistake, for the reasons that we have already discussed, it remains that Common Pleas' cavalier treatment of the record was entirely unacceptable. We direct the Common Pleas court to properly ensure that the Commonwealth meets its burden in future cases, both because such satisfaction is legally required, and because it is imperative that individuals are not unduly stripped of their possessions, especially those like Appellant, who are *pro se* and have no formal legal training with which to defend themselves.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
 : 
      v. :   No. 1651 C.D. 2018
 : 
Two Hundred and Four Dollars : 
($204.00) U.S. Currency, 1994 : 
Green Toyota Corolla, : 
VIN #JT2EL43TXR045421, : 
1971 Blue Ford Thunderbird, : 
VIN #1Y84N128980, : 
1996 Green Ford F-150 Pick-up Truck, : 
VIN #1FTEX14N0TKA40441, : 
2004 Black Ford Explorer, : 
VIN #1FMDU74W44UB96807 : 
 : 
Appeal of: Allan Leslie Sinanan, Jr. : 

# **O R D E R**

AND NOW, this 7th day of March, 2024, it is hereby ORDERED that the Court of Common Pleas of Northampton County's April 9, 2018 order is AFFIRMED.

_____
ELLEN CEISLER, Judge